In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-99-00158-CR


______________________________




BRUCE WAYNE CORBIN, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 188th Judicial District Court


Gregg County, Texas


Trial Court No. 26,536-A




 




Before Morriss, C.J., Grant and Ross, JJ.


Opinion by Justice Ross



O P I N I O N



 Bruce Wayne Corbin appeals from his conviction in a bench trial for the offense of
possession of cocaine with intent to deliver. One felony enhancement was proven, and
the court sentenced Corbin to thirty years' imprisonment and a $10,000.00 fine. 

 In his initial appeal, Corbin contended on federal and state constitutional grounds
the trial court erred in overruling his motions to suppress evidence and to suppress his
written statement. We affirmed his conviction based on the community caretaking
exception to warrantless seizures. Corbin v. State, 33 S.W.3d 90 (Tex. App.-Texarkana
2000), rev'd & remanded, No. 094-01, 2002 Tex. Crim. App. LEXIS 116 (Tex. Crim. App.
June 5, 2002). The Texas Court of Criminal Appeals reversed, holding the level of distress
exhibited by Corbin was not sufficient to justify a stop under the caretaking exception. The
Texas Court of Criminal Appeals remanded to this Court with directions to perform a harm
analysis under Tex. R. App. P. 44.2.

 Corbin was stopped by a police officer who saw his car cross onto the shoulder of
the road for twenty feet while traveling at fifty-two miles per hour. The officer gave no other
reason for the stop. The officer patted down Corbin for weapons and felt something on his
back, which Corbin explained was a back brace. The officer asked Corbin if he had a
criminal history, and Corbin told him he did not. The officer was preparing a warning
citation when a records check came back indicating Corbin had an extensive criminal
history concerning illegal narcotics. The officer then checked Corbin's "back brace" more
closely and discovered it was actually a package of cocaine taped to his back. 

 The question of error in determining whether evidence should be suppressed is a
constitutional question. The contraband was obtained as the direct result of the illegal
stop. Because the cocaine was required to be excluded, we must reverse unless we
determine beyond a reasonable doubt the error did not contribute to the appellant's
conviction or punishment. Tex. R. App. P. 44.2(a). The cocaine was admitted at trial and
was a cornerstone of the State's case against Corbin. The State argues that, even without
that evidence, we should find the suppression error harmless because Corbin made a
statement later that day in which he admitted committing the offense. 

 Under the "fruit of the poisonous tree" doctrine, evidence derived directly or
indirectly from illegal governmental activity is excluded as trial evidence. See Wong Sun
v. United States, 371 U.S. 471, 484 (1963); Crosby v. State, 750 S.W.2d 768, 780 (Tex.
Crim. App. 1987). This conclusion was reiterated in Taylor v. Alabama, 457 U.S. 687
(1982). In Taylor, a defendant was illegally arrested and fingerprinted. While still in
custody, the fingerprints were matched to the crime scene. When confronted with this fact,
the defendant confessed to the crime. The Court held that the "initial fingerprints, which
were themselves the fruit of petitioner's illegal arrest . . . and which were used to extract
the confession from petitioner, cannot be deemed sufficient 'attenuation' to break the
connection between the illegal arrest and the confession . . . ." Id. at 692-93; see Hayes
v. Florida, 470 U.S. 811, 813-14 (1985).

 In the instant case, Corbin's motion to suppress sought suppression of: 

 1. All oral statements of the Defendant;

 

 2. All items seized from the person of the defendant;

 

 3. All testimony of law enforcement officers concerning the
defendant after the stop of the defendant.

 

 This motion, broad enough to include Corbin's written confession, was based on
Corbin's contention that all such evidence seized by the police was the product of an illegal
arrest and seizure. 

 In addition to the motion to suppress, Corbin filed a motion for hearing on the
voluntariness of any oral or written confession. At trial, he objected to the admission of his
oral and written statements and argued that any such statements were the product of an
illegal arrest and seizure. 

 It is apparent, from the authorities discussed above, that Corbin's written statement, 
taken only six to seven hours after the traffic stop, and after the illegal stop resulted in
discovery of the contraband, must be considered as fruit of the poisonous tree. The
statement was therefore inadmissible. 

 We are left with the question of whether we can conclude that the State has
demonstrated beyond a reasonable doubt that the error did not contribute to conviction or
punishment. We find that, in light of the improper admission of the contraband, and
because the statement was thereafter inadmissible as fruit of the poisonous tree, we
cannot conclude beyond a reasonable doubt the error did not contribute to Corbin's
conviction or punishment.

 We reverse the judgment and remand for further proceedings. 

 


 Donald R. Ross

 Justice


Date Submitted: October 11, 2002

Date Decided: October 23, 2002


Publish