In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-04-00027-CR
______________________________


JOHN CLIFTON JOHNSON, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 71st Judicial District Court
Harrison County, Texas
Trial Court No. 03-0251X


                                                 



Before Morriss, C.J., Ross and Grant, *JJ.
Opinion by Justice Grant

_______________________________________
*Ben Z. Grant, Justice, Retired, Sitting by Assignment


O P I N I O N

            John Clifton Johnson appeals from the trial court's ruling on his pretrial motion to suppress
evidence. The trial court denied his motion and ruled the evidence would be admitted. Johnson
thereafter pleaded guilty and received deferred adjudication on the charge of possession of a
controlled substance. 
            Johnson contends the evidence should have been suppressed (1) because the police officer
did not have reasonable suspicion to initiate a traffic stop and (2) because the officer did not have
probable cause to search him without consent. 
            Where the facts of the case are undisputed and the trial court's ruling does not turn on the
credibility of a witness, the Courts of Appeals review an order overruling a motion to suppress on
a de novo basis. See Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).
            The first question is whether the officer had the authority to initiate an investigative
detention. The officer testified he stopped the car based on an anonymous telephone call. The caller
told police a black man, accompanied by two black females, driving a 1999 black Ford Taurus with
a specified license plate number, was involved in possible drug activity at a specific apartment
complex. The officer testified the apartment complex in question was known to be a place that
regularly had "drug deals and drug activity" occurring. The officer reached that location less than
a minute after the dispatcher relayed the information, and saw and stopped a car matching that
description as the driver attempted to leave the parking lot of the complex. At that time, Johnson
was in the car and was alone. 
            The first issue is whether there was sufficient information to justify the investigative
detention. Law enforcement officers may stop and briefly detain persons suspected of criminal
activity on less information than is constitutionally required for probable cause to arrest. Terry v.
Ohio, 392 U.S. 1, 22 (1968); Pipkin v. State, 114 S.W.3d 649, 653 (Tex. App.—Fort Worth 2003,
no pet.). The information must provide officers with a "reasonable suspicion" of criminal activity,
a concept which requires more than a mere hunch or suspicion. Davis v. State, 947 S.W.2d 240, 244
(Tex. Crim. App. 1997). The reasonableness of a detention must be examined in terms of the totality
of the circumstances. Woods v. State, 956 S.W.2d 33, 38 (Tex. Crim. App. 1997).
            A  mere  anonymous  tip,  standing  alone,  does  not  constitute  probable  cause.  State v.
Steelman, 93 S.W.3d 102, 108 (Tex. Crim. App. 2002). An anonymous telephone call may justify
the initiation of an investigation, but the court has held that, alone, it will rarely establish the level
of suspicion required to justify a detention. Alabama v. White, 496 U.S. 325, 329 (1990); Stewart
v. State, 22 S.W.3d 646, 648 (Tex. App.—Austin 2000, pet. ref'd). The corroboration of the details
which do not indicate criminal activity will not lend support to the anonymous tip. See id. 
Reasonable suspicion requires it be reliable in its assertion of illegality, not just in its tendency to
identify a determinate person. Florida v. J.L., 529 U.S. 266 (2000). When more information is
available, however, a police officer may reasonably conclude the tip is reliable, thus justifying an
investigatory detention. Stewart, 22 S.W.3d at 648.
             In the present case, the officer summed up what he relied on at the time of the stop: 
Q.So, your sole justification for this stop, the traffic stop, was the
anonymous call; correct? 

                        A.        Yes, sir. 

                        Q.        Is there anything about the car being in a parking lot and driving out toward 
            the exit that is suspicious? 

                        A.        No. 

            The officer testified the initial stop was solely justified by the anonymous tip and there was
no corroboration at the time of the stop that indicated criminal activity. The fact that there had been
drug activity in the area, but not known to have been committed by the defendant, is not sufficient
to corroborate an anonymous tip.
            This point is sustained. 
            Johnson's second point contends the trial court erred by denying his motion to suppress
because the search was improper. After stopping the vehicle and talking to Johnson, and having
detected the strong odor of marihuana coming from inside the vehicle, the officer conducted what
is variously described as a "pat-down" or frisk. It is a fundamental principle that an officer can do
a pat-down search for his or her own protection if the situation justifies. The officer testified that he
patted Johnson down for his own safety. However, the officer later testified that his search was for
more than just weapons: The officer testified as follows: 
I [w]as patting him and searching him at the same time . . . . If I felt anything bulky
in his pockets. I was trying to figure out what it was. I was making sure it was not
a small pocket knife or a small caliber handgun or any illegal narcotics. 
                        . . . .
Q.. . . . So every time you patted him down, there is no way that you
could have thought that cocaine was a weapon? Being that small? 

                        A.        No, sir.
Q.So you patted him down and you were relatively certain that
it wasn't a weapon? Isn't that correct?
 
A.Well, I was patting him and searching him at the same time. 
                        Q.        So as you patted him you realized that was not a weapon? 
                        A.        Yes, sir. 
                        . . . .
                        Q.        And at the time you felt his pocket and knew that there was something in             there, before you actually stuck your hand in there, you still didn't know what it was;
            isn't that correct? 

                        A.        Correct. 
                        Q.        It could have been rock candy or anything in there; correct? 
                        A.        Yes, sir. 
                        Q.        So, it wasn't readily apparent to you that that was cocaine just by patting 
            against his pants?
                         A.        No, sir.
            The officer testified that while patting Johnson down, he found no weapons, but did feel
several small lumps in Johnson's front pocket that were later identified as six small crack cocaine
rocks. The officer also admitted that before he took them out of Johnson's pocket, he was not sure
what they were, but suspected because of the circumstances that they were drugs. He testified 
Johnson was extremely fidgety and nervous. The officer then arrested him. 
            If a search goes beyond what is necessary to determine whether the suspect is armed, then
the fruits of that search are illegal and must be suppressed. Carmouche v. State, 10 S.W.3d 323, 330
(Tex. Crim. App. 2000) (citing Minnesota v. Dickerson, 508 U.S. 366, 373 (1993)); see Hitchcock
v. State, 118 S.W.3d 844, 848 (Tex. App.—Texarkana 2003, no pet.).
            There has long been an exception to this rule known as the "plain view doctrine." Another
exception is "plain feel," on which the State relies in this case. This exception provides that when,
during a lawful pat-down search, an officer feels an object whose contour or mass makes its identity
immediately apparent, the fruit of the search is not illegal. Dickerson, 508 U.S. at 375. In such
cases, "no additional privacy interest is implicated by the seizure of an item whose identity is already
plainly known through the officer's sense of touch." Carmouche, 10 S.W.3d at 330. 
            Johnson correctly contends, however, that because the officer admitted he could not identify
the items through Johnson's pants pocket during the initial pat-down search for weapons, the plain-feel exception to the Fourth Amendment could not justify the officer's more invasive search.
            There is, however, no reason why the officer could not make a simultaneous search for drugs
if he had probable cause to search for drugs. At that point, the officer recognized Johnson as a
person who had been involved with illegal drugs, and the car smelled of marihuana. It is a reasonable 
inference that Johnson may have been using or possessed marihuana, and he may have placed it on
his person when he saw the police officer.
            In the recent case of Steelman, the Texas Court of Criminal Appeals held that the mere odor
of marihuana, standing alone, does not authorize a warrantless search and seizure in a home.
Steelman, 93 S.W.3d at 108. In Steelman, there were four individuals in the home, and there was
no indication that the person arrested had committed the crime. (See cases cited therein.) But in
contrast to Steelman, in the present case there was only one person in the automobile when the
officer smelled the marihuana. That fact, coupled with the determination after the stop that the car
was being driven by Johnson, who the officer knew had been involved with illegal drugs for some
time, gave the officer probable cause to search Johnson. 
            This point is overruled.
            However, the illegality of the initial stop tainted any evidence that may have been seized as
a result of that stop and made such evidence subject to suppression. Wong Sun v. United States, 371
U.S. 471 (1963); Crosby v. State, 750 S.W.2d 768, 780 (Tex. Crim. App. 1987); Corbin v. State, 91
S.W.3d 383, 385 (Tex. App.—Texarkana 2002, no pet.). 
            Having found constitutional error in the admission of the evidence in question, we must
reverse the conviction unless we conclude beyond a reasonable doubt that the error made no
contribution to the conviction or the punishment. Tex. R. App. P. 44.2(a). In the instant case, the
complained-of evidence includes the contraband found as a result of the search. As such, the error
contributed to Johnson's conviction. See McQuarters v. State, 58 S.W.3d 250, 258 (Tex. App.—Fort
Worth 2001, pet. ref'd). 
            Therefore, we reverse and remand the case to the trial court for further proceedings consistent
with this opinion. 


                                                                                    Ben Z. Grant
                                                                                    *Justice

*Justice, Retired, Sitting by Assignment

Date Submitted:          June 18, 2004
Date Decided:             September 9, 2004

Publish