**Brian Keith SWEENEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–99–00264–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Oct. 28, 1999.

Rehearing Overruled Dec. 17, 1999.

Robert Scardino, Scot R. Courtney, Houston, for appellant.

Calvin Hartmann, John B. Holmes, Houston, for State.

Panel consists of Justices O'CONNOR, WILSON, and ANDELL.

**OPINION**

O'CONNOR, Justice.

Brian Keith Sweeney, the appellant, was charged by information with driving while intoxicated. After the trial court overruled his motion to suppress, the appellant plead guilty. The trial court sentenced the appellant to 180 days confinement, suspended for one year community supervision. In one point of error, the appellant claims the trial court erred in not granting his motion to suppress. We affirm.

At 2 a.m., on September 12, 1998, Officer Zottlemoyer of the West University Police Department, was watching a bar parking lot when the appellant drove past with a flat tire. Zottlemoyer estimated the appellant's speed at forty to forty-five miles per hour.[1] Because it was raining, Zottlemoyer considered the appellant's speed with the flat tire unsafe. Assuming the appellant was unaware of the flat, Zottlemoyer decided to pull him over, inform him of the hazard, and offer help.

---

1. Zottlemoyer did not verify the speed of the appellant's vehicle with a radar.

The appellant eventually stopped his truck.[2] Upon reaching the driver's window, Zottlemoyer noticed a very strong smell of alcohol that "nearly knocked [him] down." The appellant was ultimately arrested for and charged with driving while intoxicated.

■ The appellant claims the trial court erred in denying his motion to suppress. The appellant argues the stop was illegal because the officer did not have reasonable suspicion to pull him over, detain him, and then gather evidence. The State argues the "community care-taking function" exception to the reasonable suspicion requirement permitted Zottlemoyer to stop the appellant to inform him of his flat tire.

In *Hulit v. State*, 982 S.W.2d 431, 432 (Tex.Crim.App.1998), a car was stopped in the right lane of a service road with the driver slumped over the steering wheel. Officers were informed of "a woman possibly having a heart attack in her vehicle." *Id.* at 432. While assisting the driver, officers noticed a strong smell of alcohol. The driver was arrested and eventually charged with DWI. The trial court denied the driver's motion to suppress. The Court of Criminal Appeals held the officers' actions permissible "not by finding that there is a community care-taking exception to the warrant requirement, but by asking whether, from a totality of the circumstances, after considering the public and private interests that are at stake, their action was an unreasonable seizure." *Id.* at 438.

■ Although not calling it a community care-taking exception, the Fourteenth Court of Appeals has justified a stop based on a possible need for roadside assistance rather than on suspicion of criminal activity. *State v. Ross*, 999 S.W.2d 468, 471–72 (Tex.App.—Houston [14th Dist.] 1999, no

pet. h.). We hold that, when an officer has a demonstrable reason to believe a person needs assistance, a stop is justified for the limited purpose of determining if assistance is appropriate.

Applying the standard of reasonableness established in *Hulit*, we hold that Zottlemoyer acted lawfully when he stopped the appellant's vehicle. Zottlemoyer testified at the motion to suppress hearing that the appellant was driving at over forty miles per hour, in the rain, at night, with a flat tire. Under these circumstances, Zottlemoyer had reason to stop the appellant, if not to assist him, then for the safety of others on the road.[3] We overrule the appellant's point of error.

We affirm the trial court's judgment.

---

**2.** Zottlemoyer initially turned on his emergency lights while the appellant was at a red light. As Zottlemoyer got out of his patrol car, the appellant proceeded when the light turned green. Zottlemoyer got back in his car and pulled the appellant over again.

**3.** The Beaumont Court found the community care-taking exception applied to a motorist driving on the shoulder, late at night, with a flat tire. *Cunningham v. State*, 966 S.W.2d 811, 812 (Tex.App.—Beaumont 1998, no pet.).