TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-00-00121-CR







Elvis Edward Stewart, Jr., Appellant



v.



The State of Texas, Appellee






FROM THE COUNTY COURT AT LAW NO. 2 OF BELL COUNTY


NO. 2C98-04602, HONORABLE JOHN BARINA, JR., JUDGE PRESIDING






After his motion to suppress evidence was overruled, appellant Elvis Edward
Stewart, Jr., pleaded guilty to driving while intoxicated. See Tex. Penal Code Ann. § 49.04
(West Supp. 2000). The court adjudged him guilty and, pursuant to a plea bargain, assessed
punishment at incarceration for three days and a $500 fine. The only issue on appeal is whether
the stop that resulted in appellant's arrest was lawful. We conclude that it was not and will
reverse the judgment of conviction.

Harker Heights police officer David Haley testified that he was dispatched to a
convenience store on the Central Texas Expressway at about 2:00 a.m. on August 4, 1998. "The
dispatch stated that there was a vehicle. It was described as a green [C]amaro . . . parked by the
gas pumps, occupied by a white male passenger and a white driver. The driver apparently fell
down a couple of times trying to get into the vehicle and appeared to be highly intoxicated." The
dispatch was based on an anonymous telephone call, and the caller's identity remained unknown
at the time of trial.

Officer Haley arrived at the convenience store two minutes after receiving the
dispatch. He saw a green Camaro with two occupants of undeterminable race leaving the gasoline
pumps. The car turned onto the access road and stopped at an intersection for a red light. When
the light turned green, the Camaro made a lawful left turn, drove under the expressway, and made
another lawful left turn. Haley, who was directly behind the Camaro, turned on his emergency
lights at this point. The Camaro, which was driven by appellant, immediately stopped. The
officer arrested appellant for driving while intoxicated on the basis of his subsequent observations. 
It is undisputed that Haley did not see appellant drive erratically or commit any traffic offense,
and that the sole basis for the stop was the anonymous tip.

Appellant moved to suppress all evidence obtained as a result of the stop. 
Appellant does not advance a separate state constitutional claim. Because the facts are undisputed
and the district court's ruling does not turn on the credibility of a witness, we will review the
order overruling the motion to suppress on a de novo basis. See Guzman v. State, 955 S.W.2d
85, 89 (Tex. Crim. App. 1997).

A police officer may stop and briefly detain a person for investigative purposes if
the officer, in light of his experience, has a reasonable suspicion supported by articulable facts that
criminal activity may be afoot. See Terry v. Ohio, 392 U.S. 1, 30 (1968). The reasonableness
of a temporary detention must be examined in terms of the totality of the circumstances. See
Woods v. State, 956 S.W.2d 33, 38 (Tex. Crim. App. 1997). A temporary detention is justified
when the detaining officer has specific articulable facts which, taken together with rational
inferences from those facts, lead him to conclude that the person detained is, has been, or soon
will be engaged in criminal activity. See id. A reasonable suspicion means more than a mere
hunch or suspicion. See Davis v. State, 947 S.W.2d 240, 244 (Tex. Crim. App. 1997). A
detention is not permissible unless the circumstances objectively support a reasonable suspicion
of criminal activity. See id. 

While an anonymous tip or telephone call may justify the initiation of an
investigation, it alone will rarely establish the level of suspicion required to justify a detention. 
See Alabama v. White, 496 U.S. 325, 329 (1990); Davis v. State, 989 S.W.2d 859, 863 (Tex.
App.--Austin 1999, pet. ref'd). Normally, a police officer must have additional facts before the
officer may reasonably conclude that the tip is reliable and an investigatory detention is justified. 
See Davis, 989 S.W.2d at 863. An officer's prior knowledge and experience, and his
corroboration of the details of the tip, may be considered in giving the anonymous tip the weight
it deserves. See id. at 864. But the corroboration of details that are easily obtainable at the time
the information is provided, and which do not indicate criminal activity, will not lend support to
the tip. See id. As the United States Supreme Court has recently written:


An accurate description of a subject's readily observable location and
appearance is of course reliable in this limited sense: It will help the police
correctly identify the person whom the tipster means to accuse. Such a tip,
however, does not show that the tipster has knowledge of concealed criminal
activity. The reasonable suspicion here at issue requires that a tip be reliable in its
assertion of illegality, not just in its tendency to identify a determinate person.



Florida v. J. L., 529 U.S. , , 120 S. Ct. 1375, 1379, 146 L. Ed. 2d 254, 261 (2000).

In Davis, a police officer was informed that a caller had reported that a particularly
described vehicle was being driven northbound on Interstate 35 at a specified location; that it was
occupied by three males; that the vehicle was being driven recklessly; and that the occupants were
possibly smoking marihuana. See 989 S.W.2d at 861. The officer positioned himself to intercept
the suspect vehicle and stopped it. See id. The officer witnessed no offense and acknowledged
that he acted solely on the basis of the tip. See id. The caller did not identify himself, stop at the
scene, or otherwise come forward. See id. This Court held that "the anonymous tip,
uncorroborated as to its significant aspects by independent police work, did not exhibit sufficient
indicia of reliability to justify the investigative stop." Id. at 865.

In this cause, Haley confirmed the anonymous caller's information that a green
Camaro occupied by two individuals was at the convenience store. But corroboration of these
facts alone did not give the officer any basis for crediting the informer's accusation that the driver
of the Camaro was intoxicated. Indeed, given the generality of the radioed description, it is not
clear that the officer could even be sure that the automobile was being driven by the man seen to
fall by the informer.

The State urges this Court to hold that "where an officer receives anonymous
information regarding an immediate and serious threat to public safety, and that information is
even minimally corroborated, given the officer's experience, knowledge, and the totality of the
circumstances, a temporary detention is justified." In such cases, the State would deem the
corroboration to be sufficient even if it was "restricted to identification of persons or vehicle at
a specific location." The State notes that in J.L., the Supreme Court acknowledged the possibility
that in certain limited situations--the court used the example of a report of a man carrying a
bomb--the danger alleged in an anonymous tip might be so great as to justify a seizure even
without a showing of reliability. See J.L., 529 U.S. at , 120 S. Ct. at 1380, 146 L. Ed. 2d
at 262. The Court did not announce such a rule, however, and held in J.L. that an anonymous
report that the defendant was carrying a firearm did not justify his detention and frisk. See id. 


The State cites one opinion that it says supports its argument. See State v. Stolte,
991 S.W.2d 336 (Tex. App.--Fort Worth 1999, no pet.). In that case, a person using a cell phone
called the police to report that he was following a pickup truck that was being driven in a manner
suggesting that the driver was intoxicated. See id. at 339. An officer was dispatched and stopped
the pickup, which the caller had described by color and license plate number and had continued
to follow. See id. The caller stopped behind the officer's police vehicle as instructed by the
police dispatcher, was later identified, and testified at the suppression hearing. See id. at 340. 
The court of appeals held that "in light of the totality of the circumstances, including both the
important public and private interests involved," the officer was justified in stopping the pickup. 
See id. at 343.

Stolte is distinguishable from the cause before us. As the court of appeals noted,
the officer there knew (1) that the informer had remained on his cell phone to track and report the
suspect's location; (2) that he could learn the identity of the informer because it was standard
operating procedure for the dispatcher to instruct callers to stop behind the patrol car and wait to
be contacted by an officer; and (3) that by stopping at the scene, the informer was making himself
accountable for his intervention. See id. at 342. Stolte did not involve a tip from a truly
anonymous informer who could not be held responsible if the information he provided proved to
be fabricated. 

The other opinions cited by the State are also distinguishable. In Hulit v. State, 982
S.W.2d 431 (Tex. Crim. App. 1998), police were dispatched to a highway intersection in
response to a call reporting that a person in a vehicle was possibly having a heart attack. See id.
at 432. The officers found a pickup truck stopped in the left-turn lane with its engine running and
the defendant slumped unconscious at the steering wheel. See id. The court held that the officers
were authorized under the Texas Constitution to awaken the driver and ask him to step out of the
vehicle so they could see if he was in need of assistance. See id. at 438. The officers in Hulit
were not acting solely on the basis of anonymous information, but had personally observed a set
of circumstances that warranted the actions they took. (1)

In Sweeney v. State, 6 S.W.3d 670 (Tex. App.--Houston [1st Dist.] 1999, pet.
ref'd), a police officer stopped an automobile being driven by the defendant at over forty miles-per-hour, in the rain, at night, with a flat tire. The court concluded that the officer had reasonable
grounds to stop the defendant for his own safety and that of others on the road. See id. at 671. 
No reliance on anonymous information was involved in Sweeney.

Finally, the State cites Wright v. State, 7 S.W.3d 148, 151-52 (Tex. Crim. App.
1999), in which the court held that the Fourth Amendment permits a police officer to stop and
detain a person for further investigation if the officer reasonably suspects that the person may be
ill and in need of assistance. The closest Officer Haley came to invoking the community caretaker
exception was when he testified, "When I get a call for an intoxicated driver or a possible
intoxicated driver, my main concern is to make sure that we get the driver stopped and see that
the driver is or is not intoxicated or if there's something wrong with the vehicle, or the driver
[him]self has a medical problem." Haley did not state, however, that he suspected appellant was
having car trouble or was experiencing medical distress. It is clear that the officer stopped
appellant solely for the purpose of investigating the suspected criminal violation. 

We are mindful of the public danger posed by intoxicated drivers. But we are also
mindful of our obligation to follow established Fourth Amendment precedent. See U.S. Const.
amend. IV. Under that precedent, the anonymous caller's tip, which was uncorroborated in its
assertion of possible illegality, did not objectively support a reasonable suspicion that appellant
was driving while intoxicated. The county court at law erred by overruling the motion to
suppress.

The judgment of conviction is reversed and the cause is remanded for further
proceedings.



 

 J. Woodfin Jones, Justice

Before Justices Jones, Yeakel and Patterson

Reversed and Remanded

Filed: June 22, 2000

Publish
1. Hulit also was decided solely on the basis of article I, section 9 of the Texas Constitution. 
See 982 S.W.2d at 433. It is not precedent for determining whether a warrantless seizure was
lawful under the United States Constitution.



olte is distinguishable from the cause before us. As the court of appeals noted,
the officer there knew (1) that the informer had remained on his cell phone to track and report the
suspect's location; (2) that he could learn the identity of the informer because it was standard
operating procedure for the dispatcher to instruct callers to stop behind the patrol car and wait to
be contacted by an officer; and (3) that by stopping at the scene, the informer was making himself
accountable for his intervention. See id. at 342. Stolte did not involve a tip from a truly
anonymous informer who could not be held responsible if the information he provided proved to
be fabricated. 

The other opinions cited by the State are also distinguishable. In Hulit v. State, 982
S.W.2d 431 (Tex. Crim. App. 1998), police were dispatched to a highway intersection in
response to a call reporting that a person in a vehicle was possibly having a heart attack. See id.
at 432. The officers found a pickup truck stopped in the left-turn lane with its engine running and
the defendant slumped unconscious at the steering wheel. See id. The court held that the officers
were authorized under the Texas Constitution to awaken the driver and ask him to step out of the
vehicle so they could see if he was in need of assistance. See id. at 438. The officers in Hulit
were not acting solely on the basis of anonymous information, but had personally observed a set
of circumstances that warranted the actions they took. (1)

In Sweeney v. State, 6 S.W.3d 670 (Tex. App.--Houston [1st Dist.] 1999, pet.
ref'd), a police officer stopped an automobile being driven by the defendant at over forty miles-per-hour, in the rain, at night, with a flat tire. The court concluded that the officer had reasonable
grounds to stop the defendant for his own safety and that of others on the road. See id. at 671. 
No reliance on anonymous information was involved in Sweeney.

Finally, the State cites Wright v. State, 7 S.W.3d 148, 151-52 (Tex. Crim. App.
1999), in which the court held that the Fourth Amendment permits a police officer to stop and
detain a person for further investigation if the officer reasonably suspects that the person may be
ill and in need of assistance. The closest Officer Haley came to invoking the community caretaker
exception was when he testified, "When I get a call for an intoxicated driver or a possible
intoxicated driver, my main concern is to make sure that we get the driver stopped and see that
the driver is or is not intoxicated or if there's something wrong with the vehicle, or the driver
[him]self has a medical problem." Haley did not state, however, that he suspected appellant was
having car trouble or was experiencing medical distress. It is clear that the officer stopped
appellant solely for the purpose of investigating the suspected criminal violation. 

We are mindful of the public danger posed by intoxicated drivers. But we are also
mindful of our obligation to follow established Fourth Amendment precedent. See U.S. Const.
amend. IV. Under that precedent, the anonymous caller's tip, which was uncorroborated in its
assertion of possible illegality, did not objectively support a reasonable suspicion that appellant
was driving while intoxicated. The county court at law erred by overruling the motion to
suppress.

The judgment of conviction is reversed and the cause is remanded for further
proceedings.



 

 J. Woodfin Jones, Justice

Before Justices Jones, Yeakel and Patterson

Reversed and Remanded