# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00080-CR

**Newell Morgan Briggs, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE COUNTY COURT AT LAW NO. 3 OF WILLIAMSON COUNTY
## NO. 01-3885-3, HONORABLE DON HIGGINBOTHAM, JUDGE PRESIDING

Newell Morgan Briggs pleaded no contest to a charge of possession of less than two ounces of marihuana after the county court at law overruled his motion to suppress evidence. The court assessed punishment at twelve months of deferred adjudication probation, a $500 fine, and seventy-two hours of community service restitution; the court also required him to spend three days in jail as a condition of probation. By his sole point of error, appellant argues that the court should have granted the motion to suppress all tangible evidence recovered by police and all statements made by appellant pursuant to his stop, detention, and arrest. Appellant contends that the detention was illegal because it was based on a tip from an unknown informant. We will affirm the judgment.

## BACKGROUND

The following characterization of events is based solely on the testimony of Georgetown police officer Jimmy Fennell. He was the only witness at the suppression hearing.

Fennell and another officer investigated the report by an unknown, anonymous informant of a narcotics party at a residence in Georgetown. The informant did not give any details about who was in the residence, nor did the officers obtain a search or arrest warrant. Upon their arrival, four people were walking out of the front door of the residence. The individuals, including appellant, looked surprised to see the officers; other than their wide-eyed stares, they did nothing to arouse suspicion.

Fennell asked the group what was going on and asked what was in the paper bag one of them was carrying. James McFaline responded that the bag contained empty beer cans. Because McFaline appeared to be underage, Fennell asked to see the bag and McFaline handed it to him. The bag contained empty beer cans, but also a baggie of marihuana stems and seeds. At that point, the officers detained all four individuals, asked them for identification, and checked for outstanding warrants; Fennell did not think the individuals were free to go during this process. He testified that the individuals Aweren=t really actually detained@ until after Fennell found the marihuana in the bag. After asking them for identification, Fennell asked the individuals if they had any weapons. Appellant stated that he had some marihuana in his sock. Fennell retrieved from appellant=s sock a baggie that appeared to contain marihuana. He then arrested appellant.

After hearing this testimony, the court denied the motion to suppress.

**STANDARD OF REVIEW**

We review a decision on a motion to suppress evidence for an abuse of discretion. We use a bifurcated standard, giving almost total deference to the trial court=s findings of fact, but conducting a de novo review of the court=s application of law to those facts. *State v. Ross*, 32 S.W.3d 853, 856 (Tex. Crim. App. 2000) (citing *Carmouche v. State*, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000)); *Guzman v. State*, 955 S.W.2d 85, 88-89 (Tex. Crim. App. 1997). In this case, the trial court was not asked to make explicit findings of historical facts. We therefore review the factual basis for the trial court=s ruling in a light most favorable to the ruling. *Carmouche*, 10 S.W.3d at 327; *State v. Ballard*, 987 S.W.2d 889, 891 (Tex. Crim. App. 1999). We further assume the trial court made Aimplicit findings of fact supported in the record that buttress its conclusion.@ *Carmouche*, 10 S.W.3d at 328.

The United States Supreme Court and the Texas Court of Criminal Appeals have defined the circumstances that can support progressive levels of restriction of liberty. *See Terry v. Ohio*, 392 U.S. 1, 19 (1967); *State v. Velasquez*, 994 S.W.2d 676, 678 (Tex. Crim. App. 1999). Police are as free as anyone else to ask questions of their fellow citizens. *Id.* Police cannot detain a person, however, absent an officer=s reasonable suspicion that Asome activity out of the ordinary is occurring or had occurred, some suggestion to connect the detained person with the unusual activity, and some indication that the activity is related to crime.@ *Gurrola v. State*, 877 S.W.2d 300, 302 (Tex. Crim. App. 1994). A detention occurs when the person being asked questions is not free to decline to answer the officer=s questions or terminate the interviewCin other words, when a Aseizure@ under the Fourth Amendment to the United States Constitution has occurred. *Velasquez*, 994 S.W.2d at 679; *see also Terry*, 392 U.S. at 16. AOnly when

3

the officer, by means of physical force or show of authority, has in some way restrained the liberty of a citizen may we conclude that a >seizure= has occurred.@ *Terry*, 392 U.S. at 20.

We examine the reasonableness of a temporary detention in terms of the totality of the circumstances. *See Woods v. State*, 956 S.W.2d 33, 38 (Tex. Crim. App. 1997). A temporary detention is justified when the detaining officer has specific articulable facts which, taken together with rational inferences from those facts, lead him to conclude that the person detained is, has been, or soon will be engaged in criminal activity. *See id.*; *Gurrola*, 877 S.W.2d at 302.

### DISCUSSION

This case turns on the characterization of the conversation preceding the discovery of the contents of the paper bag. Appellant contends that it was an investigatory detention that was unjustified by the anonymous informant=s tip; thus, he argues, any statements or substances obtained pursuant to the unjustified detention were illegally obtained and should be suppressed. The State contends that it was a mere encounter until the discovery of evidence of illegal activity; the discovery of that evidence justified the detention and the subsequent questioning.

Fennell=s testimony supports a finding that he detained appellant only after discovering contraband on one of appellant=s companions. The fact that Fennell went to the house in response to an anonymous tip did not prevent him from asking questions of persons he found on the porch of the house. Appellant and his companions came out of the house as Fennell arrived. Fennell testified that he merely asked the group general questions and did not detain them until after discovering marihuana and alcoholic

4

beverage cans in a bag carried by a person apparently under the age of twenty-one. Our inquiry narrows to whether the county court at law erred by concluding that the detention of appellant was justified.

The discovery of alcoholic beverages in the possession of a suspected minor justified a temporary detention of that person and possibly others in his company. The discovery of marihuana in his possession corroborated the anonymous report of a Anarcotics party@occurring at the address and justified an investigative detention of the bag bearer and his companions. The contents of the bag gave the officer a reasonable suspicion that illegal activity (drinking by minors, possession of controlled substances) was occurring in the house, and appellant=s presence in the company of the possessor of the contraband as they left the house provided a reasonable suspicion that he was involved in the illegal activityCat least enough to justify a temporary investigatory stop.

Appellant urges that the evidence be excluded because the anonymous tip was not corroborated before investigative detention occurred. *See Stewart v. State*, 22 S.W.3d 646, 648 (Tex. App.CAustin 2000, pet. ref=d); *see also Florida v. J.L.*, 529 U.S. 266, 270 (2000). In *Stewart*, this Court held that the trial court erred by refusing to exclude evidence because a police officer did not have sufficient grounds to stop a car based solely on an anonymous tip that an intoxicated person was driving a green Camaro; because the circumstances did not necessarily ensure that the car or driver were the subject of the tip, the officer needed to witness events corroborating the illegal activity indicated by the anonymous tip. *See Stewart*, 22 S.W.3d at 649. In *J.L.*, the Supreme Court held that an anonymous tip that a person is carrying a gun is not, without more, sufficient to justify a police officer=s stop and frisk of that person. *J.L.*, 529 U.S. at 268 & 272. These cases do not control our decision, however, because the evidence in

5

this case supports the finding that the officer did not detain the individuals until after discovering evidence indicating illegal activity irrespective of the tipCevidence which also corroborated the tip.

## CONCLUSION

The officer was entitled to ask questions of appellant and his companions in a public place. The answers to his questions provided a basis for the investigative detention of the group. The county court at law did not abuse its discretion by refusing to suppress evidence discovered as a result of the questioning and the detention.

We affirm the judgment.


Bea Ann Smith, Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Yeakel

Affirmed

Filed: August 30, 2002

Do Not Publish