# NO. 12-07-00214-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *WILLIAM M. SMITH, JR.,* *APPELLANT* | § | *APPEAL FROM THE 241ST* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

William M. Smith, Jr. appeals his conviction for unlawfully carrying a weapon. He pleaded guilty before the trial court, which found him guilty and sentenced him to five years of imprisonment, probated for five years. In his sole issue, he contends the trial court erroneously denied his motion to suppress. We reverse and remand.

### BACKGROUND

Detective Adam Tarrant of the Tyler Police Department testified about an anonymous call to the department regarding a suspicious person. Dispatch had informed him that the caller stated that a white male wearing a t-shirt, with numerous tattoos down both arms, and who was in the bar area of Clicks Billiards, was carrying two guns. Detective Tarrant and two other officers casually entered Clicks, an establishment that sells alcoholic beverages, and saw a man fitting the description standing at the bar. From about ten feet away, Tarrant asked the man, later identified as Appellant, if he would mind talking to him. Appellant agreed and Tarrant asked him to walk toward him. Appellant complied. Tarrant asked him to put his hands on a table that was in front of him for

"officer safety." Again, Appellant complied. Then, Tarrant put his hands on Appellant's wrists to make sure he had "control of him." Tarrant asked if he had a gun and Appellant said "yes." For safety reasons, Tarrant handcuffed and detained Appellant, although Tarrant testified that Appellant was not under arrest at that point. Tarrant also testified that once Appellant said he had a gun, the officers had probable cause to search him for it. Tarrant then asked if Appellant was a police officer or had a license for the gun. The officers arrested Appellant when he answered those questions in the negative. When Tarrant asked Appellant where the gun was, Appellant looked down to his right side, at the waistband. There, Tarrant found a loaded, semi-automatic handgun.

## MOTION TO SUPPRESS

In his sole issue, Appellant asserts the trial court erred in denying his motion to suppress because his detention and subsequent statement that he was carrying a handgun was illegally obtained and admitted in violation of Article I, Section 9 of the Texas Constitution and Article 38.23 of the Texas Code of Criminal Procedure. He argues that the anonymous tip was not sufficient to justify the investigative detention, the tip was not corroborated, and he was illegally detained when Detective Tarrant placed his hands on Appellant's wrists.

### Applicable Law

A trial court's decision on a motion to suppress is reviewed under an abuse of discretion standard. *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). An appellate court should give almost total deference to a trial court's determination of historical facts supported by the record, especially when the trial court's fact findings are based on an evaluation of credibility and demeanor. *Id.* We consider de novo issues that are purely questions of law. *Id.* at 87.

A police officer without reasonable suspicion of criminal activity may approach a citizen and ask questions. *See Florida v. Bostick*, 501 U.S. 429, 434, 111 S. Ct. 2382, 2386, 115 L. Ed. 2d 389 (1991). If a reasonable person would feel able to decline the request or otherwise terminate the encounter and go about his business, the encounter is consensual and does not trigger constitutional scrutiny. *Id.*; *Johnson v. State*, 912 S.W.2d 227, 235 (Tex. Crim. App. 1995). A seizure occurs when a reasonable person would believe he was not free to leave and has yielded to a show of authority or has been physically forced to yield. *Johnson*, 912 S.W.2d at 236.

Additionally, a police officer may stop and briefly detain a person for investigative purposes if the officer, in light of his experience, has a reasonable suspicion supported by articulable facts that criminal activity may be afoot. *See Terry v. Ohio*, 392 U.S. 1, 30, 88 S. Ct. 1868, 1884-85, 20 L. Ed. 2d 889 (1968). The reasonableness of a temporary detention must be examined in terms of the totality of the circumstances at its inception and will be justified only if the officer can point to specific articulable facts that, when combined with rational inferences from those facts, would lead him to reasonably suspect that a specific person had engaged in or was or soon would be engaging in criminal activity. *Garcia v. State*, 43 S.W.3d 527, 530 (Tex. Crim. App. 2001). We look only at those facts known to the officer at the inception of the stop. A stop or search unlawful at its inception may not be validated by what it turns up. *See Wong Sun v. United States*, 371 U.S. 471, 484, 83 S. Ct. 407, 415, 9 L. Ed. 2d 441 (1963).

Reasonable suspicion may be established based on information given to police officers by citizen informants, provided the facts are adequately corroborated by the officer. *Brother v. State*, 166 S.W.3d 255, 258-59 (Tex. Crim. App. 2005). A tip by an unnamed informant of undisclosed reliability may justify the initiation of an investigation; standing alone, however, it rarely will establish the requisite level of reasonable suspicion necessary to justify an investigative detention. *Florida v. J.L.*, 529 U.S. 266, 269-70, 120 S. Ct. 1375, 1378, 146 L. Ed. 2d 254 (2000). There must be some further indicia of reliability, some additional facts from which a police officer may reasonably conclude that the tip is reliable and a detention is justified. *State v. Griffey*, 241 S.W.3d 700, 704 (Tex. App.–Austin 2007, pet. ref'd).

An accurate description of a subject's readily observable location and appearance is reliable in the limited sense that it will help the police correctly identify the person whom the tipster means to accuse. *J.L.*, 529 U.S. at 272, 120 S. Ct. at 1379. Such a tip, however, does not show that the tipster has knowledge of concealed criminal activity. A tip must be reliable in its assertion of illegality, not just in its tendency to identify a determinate person. *Id.* The corroboration of details that are easily obtainable at the time the information is provided, and which do not indicate criminal activity, will not lend support to the tip. *Stewart v. State*, 22 S.W.3d 646, 648 (Tex. App.–Austin 2000, pet. ref'd). Corroborating information that can give rise to reasonable suspicion includes details that accurately predict the subject's future behavior, link the subject to the alleged criminal

activity, or give a particularized and objective reason to suspect the subject. ***In re A.T.H.***, 106 S.W.3d 338, 345 (Tex. App.–Austin 2003, no pet.).

**Analysis**

The anonymous tip justified the initiation of the investigation. *See **Alabama v. White***, 496 U.S. 325, 329, 110 S. Ct. 2412, 2415-16, 110 L. Ed. 2d 301 (1990). Further, Detective Tarrant was entitled to request that Appellant talk to him. *See **Bostick***, 501 U.S. at 434, 111 S. Ct. at 2386. However, the tip was not shown to be reliable in its assertion of illegality, even though the information given in the anonymous tip identified the person whom the tipster intended to accuse. The officers located Appellant based on the tipster's description, but they observed no suspicious or criminal activity. Tarrant testified that he corroborated the tip by asking Appellant questions, but Tarrant very clearly explained that he placed his hands on Appellant's wrists before asking questions about the gun. Tarrant also testified that once Appellant's hands were on the table and the officer's hands were on Appellant's wrists, Appellant was not free to leave. Therefore, the consensual encounter became an investigative detention before Tarrant corroborated the tip. *See **A.T.H.***, 106 S.W.3d at 346. Because the tip was not corroborated by any independent observations giving rise to reasonable suspicion that criminal activity was afoot before Tarrant physically restrained Appellant, his statement that he was carrying a gun and the gun itself were illegally obtained. *See **J.L.***, 529 U.S. at 269-70, 120 S. Ct. at 1378. Assuming Appellant consented to a search by thereafter indicating to the officers where the gun was located, that consent was not valid because it resulted directly from the illegal detention. *See **Viveros v. State***, 828 S.W.2d 2, 3 (Tex. Crim. App. 1992).

Clicks serves alcohol and there is a notice posted at the front door warning that it is illegal to carry a firearm on the premises. Further, the officers testified that mixing weapons and alcohol was potentially dangerous. Accordingly, the State argues that the situation here presented a heightened threat to public safety and that a lesser expectation of privacy should attach. As the court in ***J.L.*** recognized, firearms are dangerous and extraordinary dangers sometimes justify unusual precautions. *See **J.L.***, 529 U.S. at 272, 120 S. Ct. at 1379. However, just as in ***J.L.***, the facts of this case do not require us to speculate about the circumstances under which the danger alleged in an anonymous tip might be so great as to justify a search even without a showing of reliability. ***Id.*** at 273, 120 S. Ct. at 1380. We decline the State's invitation to declare that the officers did not need

to corroborate the anonymous tip before detaining Appellant.

Based on the totality of the circumstances, the officers did not have reasonable suspicion to detain Appellant. Therefore, the trial court abused its discretion in denying his motion to suppress. We sustain Appellant's sole issue.

## DISPOSITION

We *reverse* the trial court's judgment and *remand* the cause for further proceedings.

  BRIAN HOYLE  
Justice

Opinion delivered September 3, 2008.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)