NO. 12-07-00214-CR



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


WILLIAM M. SMITH, JR.,
§
 APPEAL FROM THE 241ST

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 SMITH COUNTY, TEXAS

 

MEMORANDUM OPINION


 William M. Smith, Jr. appeals his conviction for unlawfully carrying a weapon. He pleaded
guilty before the trial court, which found him guilty and sentenced him to five years of
imprisonment, probated for five years. In his sole issue, he contends the trial court erroneously
denied his motion to suppress. We reverse and remand.


Background

 Detective Adam Tarrant of the Tyler Police Department testified about an anonymous call
to the department regarding a suspicious person. Dispatch had informed him that the caller stated
that a white male wearing a t-shirt, with numerous tattoos down both arms, and who was in the bar
area of Clicks Billiards, was carrying two guns. Detective Tarrant and two other officers casually
entered Clicks, an establishment that sells alcoholic beverages, and saw a man fitting the description
standing at the bar. From about ten feet away, Tarrant asked the man, later identified as Appellant,
if he would mind talking to him. Appellant agreed and Tarrant asked him to walk toward him. 
Appellant complied. Tarrant asked him to put his hands on a table that was in front of him for
"officer safety." Again, Appellant complied. Then, Tarrant put his hands on Appellant's wrists to
make sure he had "control of him." Tarrant asked if he had a gun and Appellant said "yes." For
safety reasons, Tarrant handcuffed and detained Appellant, although Tarrant testified that Appellant
was not under arrest at that point. Tarrant also testified that once Appellant said he had a gun, the
officers had probable cause to search him for it. Tarrant then asked if Appellant was a police officer
or had a license for the gun. The officers arrested Appellant when he answered those questions in
the negative. When Tarrant asked Appellant where the gun was, Appellant looked down to his right
side, at the waistband. There, Tarrant found a loaded, semi-automatic handgun.


Motion to Suppress

 In his sole issue, Appellant asserts the trial court erred in denying his motion to suppress
because his detention and subsequent statement that he was carrying a handgun was illegally
obtained and admitted in violation of Article I, Section 9 of the Texas Constitution and Article 38.23
of the Texas Code of Criminal Procedure. He argues that the anonymous tip was not sufficient to
justify the investigative detention, the tip was not corroborated, and he was illegally detained when
Detective Tarrant placed his hands on Appellant's wrists.

Applicable Law

 A trial court's decision on a motion to suppress is reviewed under an abuse of discretion
standard. Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). An appellate court should
give almost total deference to a trial court's determination of historical facts supported by the record,
especially when the trial court's fact findings are based on an evaluation of credibility and demeanor. 
Id. We consider de novo issues that are purely questions of law. Id. at 87. 

 A police officer without reasonable suspicion of criminal activity may approach a citizen and
ask questions. See Florida v. Bostick, 501 U.S. 429, 434, 111 S. Ct. 2382, 2386, 115 L. Ed. 2d 389
(1991). If a reasonable person would feel able to decline the request or otherwise terminate the
encounter and go about his business, the encounter is consensual and does not trigger constitutional
scrutiny. Id.; Johnson v. State, 912 S.W.2d 227, 235 (Tex. Crim. App. 1995). A seizure occurs
when a reasonable person would believe he was not free to leave and has yielded to a show of
authority or has been physically forced to yield. Johnson, 912 S.W.2d at 236. 

 Additionally, a police officer may stop and briefly detain a person for investigative purposes
if the officer, in light of his experience, has a reasonable suspicion supported by articulable facts that
criminal activity may be afoot. See Terry v. Ohio, 392 U.S. 1, 30, 88 S. Ct. 1868, 1884-85, 20 L.
Ed. 2d 889 (1968). The reasonableness of a temporary detention must be examined in terms of the
totality of the circumstances at its inception and will be justified only if the officer can point to
specific articulable facts that, when combined with rational inferences from those facts, would lead
him to reasonably suspect that a specific person had engaged in or was or soon would be engaging
in criminal activity. Garcia v. State, 43 S.W.3d 527, 530 (Tex. Crim. App. 2001). We look only
at those facts known to the officer at the inception of the stop. A stop or search unlawful at its
inception may not be validated by what it turns up. See Wong Sun v. United States, 371 U.S. 471,
484, 83 S. Ct. 407, 415, 9 L. Ed. 2d 441 (1963).

 Reasonable suspicion may be established based on information given to police officers by
citizen informants, provided the facts are adequately corroborated by the officer. Brother v. State,
166 S.W.3d 255, 258-59 (Tex. Crim. App. 2005). A tip by an unnamed informant of undisclosed
reliability may justify the initiation of an investigation; standing alone, however, it rarely will
establish the requisite level of reasonable suspicion necessary to justify an investigative detention. 
Florida v. J.L., 529 U.S. 266, 269-70, 120 S. Ct. 1375, 1378, 146 L. Ed. 2d 254 (2000). There must
be some further indicia of reliability, some additional facts from which a police officer may
reasonably conclude that the tip is reliable and a detention is justified. State v. Griffey, 241 S.W.3d
700, 704 (Tex. App.-Austin 2007, pet. ref'd). 

 An accurate description of a subject's readily observable location and appearance is reliable
in the limited sense that it will help the police correctly identify the person whom the tipster means
to accuse. J.L., 529 U.S. at 272, 120 S. Ct. at 1379. Such a tip, however, does not show that the
tipster has knowledge of concealed criminal activity. A tip must be reliable in its assertion of
illegality, not just in its tendency to identify a determinate person. Id. The corroboration of details
that are easily obtainable at the time the information is provided, and which do not indicate criminal
activity, will not lend support to the tip. Stewart v. State, 22 S.W.3d 646, 648 (Tex. App.-Austin
2000, pet. ref'd). Corroborating information that can give rise to reasonable suspicion includes
details that accurately predict the subject's future behavior, link the subject to the alleged criminal
activity, or give a particularized and objective reason to suspect the subject. In re A.T.H., 106
S.W.3d 338, 345 (Tex. App.-Austin 2003, no pet.).

Analysis

 The anonymous tip justified the initiation of the investigation. See Alabama v. White, 496
U.S. 325, 329, 110 S. Ct. 2412, 2415-16, 110 L. Ed. 2d 301 (1990). Further, Detective Tarrant was
entitled to request that Appellant talk to him. See Bostick, 501 U.S. at 434, 111 S. Ct. at 2386. 
However, the tip was not shown to be reliable in its assertion of illegality, even though the
information given in the anonymous tip identified the person whom the tipster intended to accuse. 
The officers located Appellant based on the tipster's description, but they observed no suspicious
or criminal activity. Tarrant testified that he corroborated the tip by asking Appellant questions, but
Tarrant very clearly explained that he placed his hands on Appellant's wrists before asking questions
about the gun. Tarrant also testified that once Appellant's hands were on the table and the officer's
hands were on Appellant's wrists, Appellant was not free to leave. Therefore, the consensual
encounter became an investigative detention before Tarrant corroborated the tip. See A.T.H., 106
S.W.3d at 346. Because the tip was not corroborated by any independent observations giving rise
to reasonable suspicion that criminal activity was afoot before Tarrant physically restrained
Appellant, his statement that he was carrying a gun and the gun itself were illegally obtained. See
J.L., 529 U.S. at 269-70, 120 S. Ct. at 1378. Assuming Appellant consented to a search by thereafter
indicating to the officers where the gun was located, that consent was not valid because it resulted
directly from the illegal detention. See Viveros v. State, 828 S.W.2d 2, 3 (Tex. Crim. App. 1992).

 Clicks serves alcohol and there is a notice posted at the front door warning that it is illegal
to carry a firearm on the premises. Further, the officers testified that mixing weapons and alcohol
was potentially dangerous. Accordingly, the State argues that the situation here presented a
heightened threat to public safety and that a lesser expectation of privacy should attach. As the court
in J.L. recognized, firearms are dangerous and extraordinary dangers sometimes justify unusual
precautions. See J.L., 529 U.S. at 272, 120 S. Ct. at 1379. However, just as in J.L., the facts of this
case do not require us to speculate about the circumstances under which the danger alleged in an
anonymous tip might be so great as to justify a search even without a showing of reliability. Id. at
273, 120 S. Ct. at 1380. We decline the State's invitation to declare that the officers did not need
to corroborate the anonymous tip before detaining Appellant. 

 Based on the totality of the circumstances, the officers did not have reasonable suspicion to
detain Appellant. Therefore, the trial court abused its discretion in denying his motion to suppress. 
We sustain Appellant's sole issue.


Disposition

 We reverse the trial court's judgment and remand the cause for further proceedings.



 BRIAN HOYLE 

 Justice


 



Opinion delivered September 3, 2008.

Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

















(DO NOT PUBLISH)