**Reverse and Remand; Opinion Filed July 3, 2013.**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

_____

**No. 05-12-00098-CR**
_____

**SUSAN RENEE PITTMAN, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Court at Law No. 2**
**Grayson County, Texas**
**Trial Court Cause No. 2011-2-0356**

## MEMORANDUM OPINION

Before Justices Bridges, O'Neill, and Francis
Opinion by Justice O'Neill

Appellant Susan Renee Pittman appeals her conviction for driving while intoxicated. In a single point of error, appellant contends the trial court erred in denying her motion to suppress. For the following reasons, we reverse appellant's conviction and remand for further proceedings consistent with this opinion.

Appellant was charged by information with driving while intoxicated. Appellant filed a pretrial motion to suppress contesting the legality of her stop. After the trial court denied the motion, she pleaded guilty to the offense. The trial court assessed punishment, pursuant to a plea bargain agreement, at 180 days' confinement, probated for eighteen months, and a $1,500 fine.

At the hearing on the motion to suppress, Officer Hall testified he received a dispatch concerning a call that appellant and another person were fighting in a yard at a residence in Sadler, Texas. While en route, Hall asked dispatch to let him know if appellant left the

residence. Hall was told appellant had left the residence driving a silver or gold Nissan Maxima. Fifteen or twenty minutes after receiving the dispatch, Hall spotted a "passenger type" vehicle driving on the same county road that the caller had reported appellant had taken. After Hall stopped appellant, he discovered she was driving a gold Toyota Avalon. He stated he stopped appellant because she was driving a car that "somewhat matched" the description given on the same county road, there were no other automobiles traveling in that area, and there was light traffic in the early morning hours.

In her sole point of error, appellant contends the trial court erred in denying her motion to suppress because the State did not prove Hall possessed reasonable suspicion to stop her. We review a trial court's ruling on a motion to suppress evidence under a bifurcated standard of review. *St. George v. State*, 237 S.W.3d 720, 725 (Tex. Crim. App. 2007); *Ford v. State*, 158 S.W.3d 488, 493 (Tex. Crim. App. 2005); *Randolph v. State*, 152 S.W.3d 764, 769 (Tex. App.—Dallas 2004, no pet.). This standard of review gives almost total deference to a trial court's determination of historical facts, particularly when the trial court's fact findings are based on an evaluation of credibility and demeanor. *See St. George*, 237 S.W.3d at 725; *Randolph,* 152 S.W.3d at 769. We apply a de novo review to mixed questions of law and fact not turning on an evaluation of credibility and demeanor. *St. George*, 237 S.W.3d at 725.

When a police officer stops a defendant without a warrant, the State has the burden of proving the reasonableness of the stop. *Ford*, 158 S.W.3d at 492. An officer is justified in detaining a person for investigative purposes if the officer has a reasonable suspicion of criminal activity, even if the officer lacks probable cause. *Woods v. State*, 956 S.W.2d 33, 35 (Tex. Crim. App. 1997). Reasonable suspicion exists if the officer has specific, articulable facts that, when combined with rational inferences from those facts, would lead him to reasonably conclude that a particular person actually is, has been, or soon will be engaged in criminal activity. *Castro v.*

*State*, 227 S.W.3d 737, 741 (Tex. Crim. App. 2007); *Brother v. State*, 166 S.W.3d 255, 257 (Tex. Crim. App. 2005); *Woods,* 956 S.W.2d at 38. In determining what constitutes reasonable suspicion, "[w]e look only at those facts known to the officer at the inception of the stop—a stop or search unlawful at its inception may not be validated by what it turns up." *State v. Griffey*, 241 S.W.3d 700, 704 (Tex. App.—Austin 2007, pet. ref'd).

The factual basis for stopping a vehicle need not arise from the officer's personal observation, but may be supplied by information from another person. *Brother,* 166 S.W.3d at 257. But a tip by an unnamed informant of undisclosed reliability will rarely establish reasonable suspicion for an investigatory stop. *Alabama v. White*, 496 U.S. 325, 327 (1990); *Martinez v. State*, 348 S.W.3d 919, 923 (Tex. Crim. App. 2011). There must be some corroboration so that the police officer may reasonably conclude the tip is reliable and therefore detention is justified. *See White*, 496 U.S. at 329. When a tip is made by phone and the caller's identity is unknown, the officer must corroborate details that indicate criminal activity. *See White*, 496 U.S. at 329; *Stewart v. State*, 22 S.W.3d 646, 648 (Tex. App.—Austin 2000, pet. ref'd). Descriptions of a subject's observable appearance or location may help an officer identify the person being accused, but do not corroborate the tipster's knowledge of concealed criminal activity. *See Florida v. J.L.*, 529 U.S. 266, 272 (2000).

Here, Hall stopped appellant based solely on information provided by an unknown caller. The only corroboration that Hall obtained before stopping appellant was that appellant was in a "passenger car," very late at night, on a county road, fifteen to twenty minutes after Hall received the dispatch. At the very most, Hall may have corroborated some details that showed appellant was the object of the 911 call. Hall did not corroborate any details to establish reliability of the tip in its assertion of unlawful conduct. Therefore, the State failed to show reasonable suspicion

for the stop.  We reverse appellant's conviction and remand to the trial court for further proceedings consistent with this opinion.

Do Not Publish
TEX. R. APP. P. 47
120098F.U05

/Michael J. O'Neill/

MICHAEL J. O'NEILL
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

SUSAN RENEE PITTMAN, Appellant

No. 05-12-00098-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court at Law No. 2, Grayson County, Texas
Trial Court Cause No. 2011-2-0356.
Opinion delivered by Justice O'Neill.
Justices Bridges and Francis participating.

Based on the Court's opinion of this date, the judgment of the trial court is **REVERSED** and the cause **REMANDED** for further proceedings consistent with this opinion.

Judgment entered this 3rd day of July, 2013.

/Michael J. O'Neill
MICHAEL J. O'NEILL
JUSTICE