

# IN THE
# TENTH COURT OF APPEALS

## No. 10-12-00274-CR

**MICHAEL GARRISON BOONE,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the County Court at Law No. 2
### Brazos County, Texas
### Trial Court No. 08-05370-CRM-CCL2

## MEMORANDUM OPINION

Michael Garrison Boone appeals his conviction for driving while intoxicated. *See* TEX. PEN. CODE ANN. § 49.04 (West 2011). Boone filed a pretrial motion to suppress contesting the legality of his stop, which was denied after a hearing. After the trial court denied the motion, Boone pled guilty to the offense of driving while intoxicated. In his sole issue, Boone complains that the trial court erred in denying his motion to suppress because the State did not prove that there was reasonable suspicion to stop him. Because we find that the trial court erred, we reverse the judgment of conviction

and remand this cause to the trial court for further proceedings.

*Factual Background*

A call was made on a non-emergency line to a 9-1-1 call center for College Station at approximately 2:15 a.m. The caller reported that a male driving a black vehicle had "nudged" her vehicle from behind in the Northgate parking garage and she thought that the driver was drunk. The vehicle was driven by Boone. The caller stayed on the phone with the dispatcher who took the call until Officer Yargo of the College Station police department approached the vehicle driven by Boone on foot and initiated contact with Boone. The phone call lasted approximately five minutes. During the call, the caller advised the dispatcher that the vehicle in question was a new Dodge Charger with dealer license plates only on the back and had a fraternity logo on it somewhere. The caller remained in the garage until she observed Officer Yargo approach Boone's vehicle, at which time she hung up. There were no reasons given as to why the caller believed Boone was drunk. It was impossible to determine the identity of the caller through caller ID. The caller did not ever make any direct contact with Officer Yargo.

Officer Yargo testified that he initiated the stop solely on the information provided by the caller and because he knew that there was a high rate of intoxicated drivers in that area and the time of the call was shortly after the bars in the area closed for the night. Yargo made no independent observations of Boone's driving or demeanor until after he initiated contact with Boone in the parking garage.

*Motion to Suppress*

Boone complains that the trial court erred by denying his motion to suppress because Officer Yargo did not have reasonable suspicion to initiate a stop. We review a trial court's ruling on a motion to suppress evidence under a bifurcated standard of review. *St. George v. State*, 237 S.W.3d 720, 725 (Tex. Crim. App. 2007); *Ford v. State*, 158 S.W.3d 488, 493 (Tex. Crim. App. 2005). This standard of review gives almost total deference to a trial court's determination of historical facts, particularly when the trial court's fact findings are based on an evaluation of credibility and demeanor. *See St. George*, 237 S.W.3d at 725. We apply a *de novo* review to mixed questions of law and fact not turning on an evaluation of credibility and demeanor. *St. George*, 237 S.W.3d at 725.

When a police officer stops a defendant without a warrant, the State has the burden of proving the reasonableness of the stop. *Ford*, 158 S.W.3d at 492. An officer is justified in detaining a person for investigative purposes if the officer has a reasonable suspicion of criminal activity, even if the officer lacks probable cause. *Woods v. State*, 956 S.W.2d 33, 35 (Tex. Crim. App. 1997). Reasonable suspicion exists if the officer has specific, articulable facts that, when combined with rational inferences from those facts, would lead him to reasonably conclude that a particular person actually is, has been, or soon will be engaged in criminal activity. *Castro v. State*, 227 S.W.3d 737, 741 (Tex. Crim. App. 2007); *Brother v. State*, 166 S.W.3d 255, 257 (Tex. Crim. App. 2005); *Woods*, 956 S.W.2d at 38. In determining what constitutes reasonable suspicion, "[w]e look only

at those facts known to the officer at the inception of the stop—a stop or search unlawful at its inception may not be validated by what it turns up." *State v. Griffey*, 241 S.W.3d 700, 704 (Tex. App.—Austin 2007, pet. ref'd).

The factual basis for stopping a vehicle need not arise from the officer's personal observation, but may be supplied by information from another person. *Brother*, 166 S.W.3d at 257. However, a tip by an unnamed informant of undisclosed reliability will rarely establish reasonable suspicion for an investigatory stop. *Alabama v. White*, 496 U.S. 325, 327, 110 S. Ct. 2412, 110 L. Ed. 2d 301 (1990); *Martinez v. State*, 348 S.W.3d 919, 923 (Tex. Crim. App. 2011). In this case, the record conclusively establishes that the caller was an anonymous informant. *See Florida v. J.L.*, 529 U.S. 266, 270, 120 S. Ct. 1375, 146 L. Ed. 2d 254 (2000); *Mitchell v. State*, 187 S.W.3d 113, 117 (Tex. App.—Waco 2006, pet. ref'd).

When a tip is made by phone and the caller's identity is unknown, there must be some corroboration so that the police officer may reasonably conclude the tip is reliable and therefore detention is justified. *See White*, 496 U.S. at 329. This requires that the officer must corroborate details that indicate criminal activity. *See White*, 496 U.S. at 329; *Stewart v. State*, 22 S.W.3d 646, 648 (Tex. App.—Austin 2000, pet. ref'd). Descriptions of a subject's observable appearance or location may help an officer identify the person being accused, but do not corroborate the tipster's knowledge of criminal activity. *See J.L.*, 529 U.S. at 272.

We consider the following factors when determining the degree to which a citizen-informant's tip may be found to be sufficiently reliable: (1) whether a detailed description of the wrongdoing was provided by the informant; (2) whether the wrongdoing was observed firsthand by the informant; (3) whether the informant was somehow connected with the police (*e.g.*, a paid informant); and (4) whether the informant placed herself in a position to be held accountable for the report. *See Mitchell*, 187 S.W.3d at 117.

The record of the suppression hearing supports the existence of the second and third factors. The caller reported that a black Dodge Charger driven by a drunk driver "nudged" her vehicle from behind and related the vehicle's location during the call until Officer Yargo made contact with Boone. The record, however, is devoid of any explanation or observations of Boone's conduct by the caller that would establish why she believed Boone was drunk to the dispatcher.

It is undisputed that the identity of the caller was unknown and could not be determined. Further, the caller did not make any face-to-face contact with any police officer. The caller was one of many people in the parking garage on a different level from where Officer Yargo stopped Boone's vehicle and she chose not to make herself known to Officer Yargo or the dispatcher. We find that the caller did not place herself in a position to be held accountable for the report.

Based on the lack of evidence as to the first and fourth factors as set forth in

*Mitchell*, we find that the record does not support that the anonymous report of criminal activity had a high degree of reliability. *See id*. Because of this, greater corroboration was necessary to justify the stop. At the time of the stop, Yargo had corroborated only the details that showed that Boone was the driver of the black Dodge Charger; however, he did not corroborate any details to establish the reliability of the tip as it related to the assertion of unlawful conduct, which was the offense of driving while intoxicated. We find that the State failed to show reasonable suspicion for the stop and therefore, the trial court erred by denying Boone's motion to suppress. We sustain Boone's sole issue.

### Conclusion

Because we find that the trial court erred by denying Boone's motion to suppress, we reverse the judgment of conviction and remand to the trial court for further proceedings consistent with this opinion.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Reversed and remanded
Opinion delivered and filed November 21, 2013
Do not publish
[CR25]