In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-08-00147-CR

____________


VICTORIA VILLARREAL, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from County Criminal Court at Law No. 15 

Harris County, Texas

Trial Court Cause No. 1444785 





MEMORANDUM OPINION



 Appellant, Victoria Villarreal, was charged with misdemeanor Driving
While Intoxicated (DWI) and convicted. See Tex. Penal Code Ann. § 49.04
(Vernon 2003). Appellant waived her right to a jury trial and pleaded guilty after
the trial court denied her motion to suppress evidence obtained by the arresting
officer. She was sentenced to ten days' confinement in Harris County jail, with
two days credited, and her driver's license was suspended for one year. The trial
court granted appellant permission to appeal. In two points of error, appellant
contends that the trial court erred by denying her motion to suppress the evidence
obtained by the arresting officer because he lacked both reasonable suspicion to
detain appellant and probable cause to arrest her. We affirm.

Background

 Officer J. Coppedge was on duty on April 1, 2007 as part of the DWI task
force of the Pasadena Police Department. At about 1:40 a.m., he received a
dispatch call notifying him of a possible DWI suspect who was driving east on
Spencer and being followed by a citizen informant. Dispatch provided Coppedge 
with the registration of the car and the informant's report that the driver of the
suspect vehicle had pulled into the parking lot of a location known as Emiliano's. 
On arriving at that parking lot, Officer Coppedge identified and approached the
reported vehicle. Appellant was at the wheel. Officer Coppedge detained
appellant temporarily while investigating her possible level of impairment and
asked her to step out of the car so that he could question her. When she complied,
he noticed that she smelled of alcohol, slurred her speech, and had red, watery
eyes. After speaking with appellant, Officer Coppedge contacted the dispatch
officer to ask that the informant meet him at the parking lot. The informant, Randy
Garcia, arrived at the scene and informed Officer Coppedge that he had observed
appellant swerving between lanes and braking randomly. 

 The informant, Randy Garcia, also testified at the hearing on appellant's
motion to suppress. Garcia confirmed that he had observed that appellant was
drifting within and beyond her lane of traffic into the adjoining lane, without
signaling, and would then self-correct and return to her lane. She did this two or
three times. Garcia was also able to observe from the flashing of the brake lights
of appellant's vehicle that she would slow down every so often, though there was
no need to brake, given that Garcia's and appellant's vehicles were the only ones
on that particular side of the road. Garcia stated that he was concerned about the
safety of other drivers who might be harmed if an accident happened and, for that
reason, decided to contact Pasadena police dispatch to report a possibly intoxicated
driver. After Garcia identified himself and gave his location, dispatch kept him on
the line while transmitting the information that dispatch provided to Officer
Coppedge. Garcia reported that appellant had pulled into the parking lot of
Emiliano's club. Dispatch then directed Garcia to that location, where he spoke
with Officer Coppedge.

Reasonable Suspicion 

 In her first point of error, appellant contends that the trial court erred by
denying her motion to suppress the evidence obtained by Officer Coppedge after
he detained appellant because Coppedge did not have reasonable suspicion to
detain her, which rendered inadmissible any evidence obtained after the unlawful
detention.

A. Standard of Review

 To suppress evidence based on claims of a Fourth Amendment violation,
appellant had the initial burden to produce evidence to rebut the presumption that
the conduct of a police officer is proper. See Ford v. State, 158 S.W.3d 488, 492
(Tex. Crim. App. 2005). A defendant satisfies her burden by demonstrating that a
search or seizure occurred without a warrant. Id. If the defendant satisfies her
burden, the burden of proof shifts to the State to prove that the search or seizure
was reasonable. See id.

 We apply a bifurcated standard when we review a trial court's ruling on a
motion to suppress. Carmouche v. State, 10 S.W.3d 323, 327 (Tex. Crim. App.
2000). We accord almost total deference to the trial court's rulings on (1)
questions of historical fact, especially when the trial court's fact findings are based
on an evaluation of credibility and demeanor, and (2) application-of-law-to-fact
questions that turn on an evaluation of the credibility and demeanor of witnesses. 
Johnson v. State, 68 S.W.3d 644, 652-53 (Tex. Crim. App. 2002). We review de
novo application-of-law-to-fact questions that do not turn on an evaluation of
credibility and demeanor. Id. We view the record and all reasonable inferences
from the record in the light most favorable to the trial court's ruling, and we
sustain the ruling if it is reasonably supported by the record and is correct under
any theory of law applicable to the case. Villarreal v. State, 935 S.W.2d 134, 138
(Tex. Crim. App. 1996).

 Well-settled law recognizes that a police officer may stop and briefly detain
a person suspected of criminal activity on less information than is constitutionally
required for probable cause to arrest. See Terry v. Ohio, 392 U.S.1, 22, 88 S. Ct.
1868, 1880 (1968). An officer lawfully detains an individual temporarily when the
officer has a reasonable suspicion to believe that the individual is violating the law. 
Ford, 158 S.W.3d at 492. Reasonable suspicion exists where the officer can "point
to specific and articulable facts, which, taken together with rational inferences
from those facts, reasonably warrant [the] intrustion." Terry, 392 U.S. at 21, 88 S.
Ct. at 1880. We disregard any subjective intent of the officer making the stop and
look solely to whether an objective basis for the stop exists. Ford, 158 S.W.3d at
492. A reasonable-suspicion determination is made by considering the totality of
the circumstances. Id. at 492-93. 

 Reasonable suspicion may derive from an informant's tip that bears
sufficient "indicia of reliability." Carmouche, 10 S.W.3d at 328 (quoting Adams v.
Williams, 407 U.S. 143, 146-47, 92 S. Ct. 1921, 1923-24 (1972)). The content of
the tip and its degree of reliability together constitute the totality of circumstances
that determine reasonable suspicion. Alabama v. White, 496 U.S. 325, 330, 110 S.
Ct. 2412, 2416 (1990). We consider both factors together, such that the strength of
one of these can sufficiently balance weakness of the other factor to render
suspicion reasonable. See id. 

 Information from a private citizen is inherently reliable when the citizen's
only contact with the police results from having witnessed a criminal act
committed by another. Hime v. State, 998 S.W.2d 893, 895 (Tex. App.--Houston
[14th Dist.] 1999, pet. ref'd). An informant's detailed description and statement
that the informant actually witnessed the reported event entitles the informer's tip
to greater weight. Id. at 896. An informant's willingness to be held accountable
for his intervention further enhances his reliability. See Reesing v. State, 140
S.W.3d 732, 736 (Tex. App.--Austin 2004, pet. ref'd). 

B. Analysis

 Because Officer Coppedge detained appellant without a warrant, the State
had the burden of proof to establish that the detention was reasonable. See Ford,
158 S.W.3d at 492. The totality of the circumstances presented in this case
demonstrate that Officer Coppedge reasonably detained appellant. 

 There is no evidence of the content of the information that Garcia reported to
dispatch. The record does disclose, however, the information that dispatch
conveyed to Officer Coppedge. From the dispatch, Coppedge knew that Garcia
was following appellant, who had witnessed the suspicious activity, and Coppedge
was independently able to corroborate the identification details provided by Garcia. 
Appellant nonetheless contends that this case is similar to State v. Griffey, 241
S.W.3d 700 (Tex. App.--Austin 2007, pet. ref'd). The State disagrees and
compares this case to Hawes v. State, 125 S.W.3d 535 (Tex. App.--Houston [1st
Dist.] 2002, no pet.). We agree with the State. 

 Griffey was a suspected DWI case in which the arresting officer received
dispatch information that the manager of a Whataburger had observed a person
"passed out behind the wheel in the drive-through," but did not receive any other
information." Griffey, 241 S.W.3d at 702. Although the informant was not
completely anonymous, the information he conveyed did not allege any criminal
activity. Id. at 705 ("Significantly, the manager did not report that the driver was
intoxicated or that she exhibited any signs of intoxication."). The Austin Court of
Appeals held that the arresting officer did not have reasonable suspicion to detain
the defendant. Id. at 707. 

 Hawes was also a DWI case in which the arresting officer received dispatch
information consisting of a license plate number, description of the vehicle, its
location, and its direction of travel. Hawes, 125 S.W.3d at 537. As in this case,
the arresting officer was told that the informant was still following the vehicle. Id. 
The informant in Hawes was a tow-truck driver who radioed his dispatcher when a
vehicle driven by the defendant approached him from the rear, almost hit his tow
truck, passed his tow truck, and then veered onto a grassy area. Id. The tow-truck
dispatcher maintained contact with its driver and the local police, who contacted
the arresting officer. Id. As in this case, the officer did not observe the defendant
driving erratically, but signaled him to pull over based upon the information he
received from dispatch. Id. This Court held that because the informant followed
the defendant, the informant "was not . . . truly anonymous" and his information
was reliable. Id. at 540 ("This indicia of reliability, when combined with the
officer's corroboration of the identification details, and viewed in the totality of the
circumstances, provided sufficient reasonable suspicion to justify the investigative
stop.").

 In this case, Garcia informed dispatch that he was observing a possibly
intoxicated driver and gave a description of the vehicle, its registration, and its
location. Officer Coppedge received this information and also learned that Garcia
was still following the vehicle. Upon arriving at the location described by Garcia
as the location of the intoxicated driver, Officer Coppedge located the vehicle
described by Garcia, and this was appellant's vehicle. In contrast to Griffey, the
activity by appellant that Garcia described was criminal activity, specifically, DWI. 
See 241 S.W.3d at 705. Having chosen to follow appellant's vehicle after
reporting the conduct, Garcia was not a "truly anonymous informer." See Hawes,
125 S.W.3d at 540. In addition, Officer Coppedge corroborated Garcia's
identification details when he located appellant's car in the Emilio's parking lot. 
Like the informant in Hawes, Garcia was reliable. See id. 

 Under the totality of the circumstances demonstrated by the record of this
case, we hold that Garcia's reliability as an identifiable informant, combined with
Officer Coppedge's corroboration of Garcia's identification details, provided
sufficient reasonable suspicion to justify Coppedge's detaining appellant and thus
rendered admissible the evidence that Coppedge would provide regarding
appellant's conduct. See id.

 We overrule appellant's first point of error.

Probable Cause

 In her second point of error, appellant contends that the trial court erred by
refusing to suppress Officer Coppedge's post-detention evidence on the ground
that he lacked probable cause to arrest appellant. Appellant's second point of error
fails because she did not raise this issue at the pretrial hearing on her motion to
suppress.

 A motion to suppress evidence is nothing more than a specialized objection
to the admissibility of evidence. Galitz v. State, 617 S.W.2d 949, 952 n.10 (Tex.
Crim. App. 1981). To preserve an issue for appeal, a party must timely object and
state the specific legal basis of the objection. Tex. R. App. P. 33.1(a)(1); Rhoades
v. State, 934 S.W.2d 113, 121, 127 (Tex. Crim. App. 1996). An objection that
stated one legal theory however, cannot support a different legal theory on appeal. 
Medina v. State, 7 S.W.3d 633, 643 (Tex. Crim. App. 1999); Camacho v. State,
864 S.W.2d 524, 533 (Tex. Crim. App. 1993). Unless the issue raised on appeal
comports with the objection made at trial, so that the trial judge had an opportunity
to rule on that issue, nothing is preserved for appellate review. Johnson v. State,
803 S.W.2d 272, 292 (Tex. Crim. App. 1990), overruled on other grounds by
Heitman v. State, 815 S.W.2d 681, 690 (Tex. Crim. App. 1991).

 The only issue adjudicated at the pretrial hearing was whether Officer
Coppedge had reasonable suspicion to detain appellant. Appellant's trial counsel
stated that the sole question at the pretrial hearing was whether Officer Coppedge
had reason to make contact with appellant. At no time during the pretrial hearing
did appellant argue that Officer Coppedge lacked probable cause to arrest her. 
Having not raised the issue of probable cause at the pretrial hearing, appellant
waived her right to argue the issue on appeal. See Tex. R. App. P. 33.1(a)(1).

 We overrule appellant's second point of error.


Conclusion



 We affirm the judgment of the trial court.






 Sherry Radack


 Chief Justice


Panel consists of Chief Justice Radack and Justices Nuchia and Higley.


Do not publish. Tex. R. App. P. 47.2(b)