COURT OF APPEALS

EIGHTH DISTRICT OF
TEXAS

EL PASO, TEXAS

 

 


 
 
 RAMON GALINDO,
  
                             Appellant,
  
 v.
  
 STATE OF TEXAS,
  
                            
 Appellee.
 
 
 §
  
 §
  
 §
  
 §
  
 §
  
 § 
  
 
 
  
 No. 08-11-00008-CR
  
 Appeal from the
  
 County
 Criminal Court at Law No. 1
  
 of El
 Paso County, Texas 
  
 (TC# 20100C03731) 
  
 
 


 

O
P I N I O N

            Ramon Galindo (“Galindo”) appeals the trial
court’s judgment convicting him of the misdemeanor offense of driving while
intoxicated.  In a single issue, Galindo
argues that the trial court abused its discretion in denying his motion to
suppress evidence because the police officer who detained him lacked reasonable
suspicion to do so.  We affirm.

Factual and Procedural Background

At approximately 12:37 a.m. on April 6, 2010,
El Paso Police Officer Richard Kimberlin (“Officer Kimberlin”) was dispatched
to a Jack-in-the-Box restaurant in response to a report that a Hispanic male in
a gray vehicle committed a “drunk disturbing.”  When Officer Kimberlin arrived
approximately eight to ten minutes later, he saw two employees point to the
drive-thru lane.  Without speaking to any
of the employees, Officer Kimberlin parked, exited his vehicle, and walked immediately
over to the drive-thru lane, where he encountered a silver Acura, the only
vehicle at the restaurant.[1]

Upon approaching the vehicle from the
passenger’s side, Officer Kimberlin noticed a Hispanic male (later identified
as Galindo) sitting in the driver’s seat and a Hispanic female in the
passenger’s seat.  When the passenger
rolled her window down, Officer Kimberlin informed Galindo and the passenger
that he was responding to a call and asked them what they were doing.  Galindo and the passenger responded that they
were waiting for the food they had ordered before heading home.  Smelling a strong odor of alcohol emanating
from the vehicle, Officer Kimberlin asked Galindo for his driver’s license and
insurance.  Initially, Galindo reached
into his pocket and pulled out a pack of cigarettes.  However, after the passenger informed him
that Officer Kimberlin wanted his driver’s license, Galindo produced it and his
insurance.

While speaking to Galindo, Officer Kimberlin
noticed that Galindo was slurring his words and elongating them as well.  Accordingly, Officer Kimberlin asked Galindo
to step out of the Acura.  While Galindo
was standing in front of him, Officer Kimberlin smelled the odor of alcohol
emanating from Galindo’s breath and person, observed Galindo swaying back and
forth rather than standing still, and noticed Galindo had red, bloodshot eyes.  It was then that Officer Kimberlin informed
Galindo that he suspected him of driving while intoxicated and asked him to
perform the field sobriety tests. 
Galindo agreed to perform the tests.  After Galindo exhibited all six clues on the
horizontal gaze nystagmus test, seven of eight clues on the walk-and-turn test,
and two of four clues on the one-legged-stand test, Officer Kimberlin arrested
him for driving while intoxicated.

THE
MOTION TO SUPPRESS

As he did at the hearing on the motion to
suppress, Galindo argues on appeal that Officer Kimberlin lacked the reasonable
suspicion necessary to detain him while investigating whether he was
intoxicated because Officer Kimberlin failed to corroborate with the restaurant
employees the information the dispatcher provided Officer Kimberlin.  We disagree.

Standard of Review

When reviewing the trial court’s ruling on a
motion to suppress, we view the evidence in the light most favorable to the
trial court’s ruling.  State v. Iduarte, 268 S.W.3d 544, 548
(Tex.Crim.App. 2008).  When, as here, the
trial court issues findings of fact, we determine whether the evidence, when
viewed in the light most favorable to the trial court’s ruling, supports those
findings, giving almost total deference to the trial court’s findings of fact.  Id.
 However, we review the trial court’s conclusions
of law de novo.  Id.  We uphold the trial court’s ruling if it is
supported by the record and correct under any theory of law applicable to the
case.  Id.

Applicable Law

            Reasonable
suspicion may derive from an informant’s tip that bears sufficient “indicia of
reliability.”  Carmouche v. State, 10 S.W.3d 323, 328 (Tex.Crim.App. 2000), quoting Adams v. Williams, 407 U.S. 143, 146-47, 92 S.Ct. 1921, 1923-24, 32
L.Ed.2d 612 (1972).  The content of the
tip and its degree of reliability together constitute the totality of
circumstances that determine reasonable suspicion.  Alabama
v. White, 496 U.S. 325, 330, 110 S.Ct. 2412, 2416, 110 L.Ed.2d 301
(1990).  We consider both factors
together, such that the strength of one can sufficiently balance the weakness
of the other factor to render suspicion reasonable.  See id.

Information from a
private citizen is inherently reliable when the citizen’s only contact with the
police results from having witnessed a criminal act committed by another.  Hime v.
State, 998 S.W.2d 893, 895 (Tex.App.--Houston [14th Dist.] 1999, pet. ref’d).
 However, an informant’s detailed
description and statement that the informant actually witnessed the reported
event entitles the informer’s tip to greater weight.  Id.
at 896.

Discussion

The record in this
case supports the trial court’s ruling that the totality of the circumstances
present demonstrate reasonable suspicion to detain Galindo.  When considered together, both factors – the
content of the tip and its degree of reliability – render suspicion reasonable
here.  Although there is no evidence of
the content of the information that the Jack-in-the-Box employee reported to the
police dispatcher, the record does establish the information conveyed by
dispatch to Officer Kimberlin.  Officer Kimberlin
knew that an employee had observed an intoxicated Hispanic male in a gray car committing
a “drunk disturbing.”  When Officer
Kimberlin arrived at the scene approximately eight to ten minutes later, he independently
and quickly corroborated the identification details provided by the
informant.  He was directed by two
employees to the drive-thru lane.  He
immediately proceeded to that location and encountered a silver Acura – the
only vehicle at the restaurant – occupied by Galindo – the only Hispanic male
in the vehicle.

Galindo
nonetheless contends that, when Officer Kimberlin arrived at the restaurant, he
should have corroborated the tip by speaking to the restaurant employees, and
because he did not do so, he lacked reasonable suspicion to detain him.  As support for his contention, Galindo cites State v. Griffey, 241 S.W.3d 700 (Tex.App.--Austin
2007, pet. ref’d), a suspected DWI case dealing with the reliability of the
information the police received.

In Griffey, the arresting officer received
dispatch information that the manager of a Whataburger had observed a person “passed
out behind the wheel in the drive-through,” but did not receive any other
information, much less information that the person had engaged in criminal
conduct.  Griffey, 241 S.W.3d at 702. 
“Significantly, the manager did not report that the driver was
intoxicated or that she exhibited any signs of intoxication.”  Id.
at 705.  When the arresting officer
arrived, he found the suspect awake in her car, which was next to the drive-through
window.  Id. at 702.  The trial court
suppressed evidence from the stop, and the court of appeals affirmed.  Id.
at 703, 707.  The court of appeals held
that the arresting officer lacked reasonable suspicion to detain the suspect because
the manager’s tip was not corroborated, and was actually contradicted by the
fact that the suspect was awake when arresting officer arrived.  Id.
at 707.

Griffey is distinguishable from this
case in material respects and is thus inapposite.  In contrast to Griffey, the informant in this case observed Galindo engage in
criminal activity, specifically, public intoxication and driving while
intoxicated, and reported it, giving a description of the driver, the vehicle,
and its location.  Unlike Griffey, Officer Kimberlin found Galindo
at the location where he was directed by the two restaurant employees and in
the condition as reported.  Because these
employees directed Officer Kimberlin to Galindo by pointing to his location and
Officer Kimberlin was able to corroborate the informant’s identification
details when he located Galindo in his car in the drive-thru lane, the
informant’s tip was entitled to greater weight and enhanced its reliability.  Thus, there was no need for Officer Kimberlin
to corroborate the reliability of the informant’s tip by speaking to the
restaurant employees.

Under the totality
of the circumstances demonstrated by the record in this case, we hold that the
information provided by the informant, combined with Officer Kimberlin’s
corroboration of the informant’s identification details, provided sufficient
reasonable suspicion to justify Officer Kimberlin’s detention of Galindo.  Accordingly,
the trial court did not abuse its discretion when it overruled Galindo’s motion
to suppress evidence.  Galindo’s sole
issue is overruled.

CONCLUSION

            Having
overruled Galindo’s sole issue, we affirm the trial court’s judgment.

 

 

 

June 20, 2012

                                                                                    CHRISTOPHER
ANTCLIFF, Justice

 

Before McClure, C.J., Rivera, and Antcliff, JJ.

 

(Do Not Publish)











[1]
The record is unclear whether Officer Kimberlin observed the two employees
point to the drive-thru lane when he first arrived or when he exited his vehicle
after parking.