COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

RAMON GALINDO, §

    Appellant, §           No. 08-11-00008-CR

v. §                        Appeal from the

STATE OF TEXAS, §           County Criminal Court at Law No. 1

    Appellee. §            of El Paso County, Texas

§                           (TC# 20100C03731)

§

## **O P I N I O N**

Ramon Galindo ("Galindo") appeals the trial court's judgment convicting him of the misdemeanor offense of driving while intoxicated. In a single issue, Galindo argues that the trial court abused its discretion in denying his motion to suppress evidence because the police officer who detained him lacked reasonable suspicion to do so. We affirm.

## **FACTUAL AND PROCEDURAL BACKGROUND**

At approximately 12:37 a.m. on April 6, 2010, El Paso Police Officer Richard Kimberlin ("Officer Kimberlin") was dispatched to a Jack-in-the-Box restaurant in response to a report that a Hispanic male in a gray vehicle committed a "drunk disturbing." When Officer Kimberlin arrived approximately eight to ten minutes later, he saw two employees point to the drive-thru lane. Without speaking to any of the employees, Officer Kimberlin parked, exited his vehicle, and walked immediately over to the drive-thru lane, where he encountered a silver Acura, the only vehicle at the restaurant.[1]

---

[1] The record is unclear whether Officer Kimberlin observed the two employees point to the drive-thru lane when he

Upon approaching the vehicle from the passenger's side, Officer Kimberlin noticed a Hispanic male (later identified as Galindo) sitting in the driver's seat and a Hispanic female in the passenger's seat. When the passenger rolled her window down, Officer Kimberlin informed Galindo and the passenger that he was responding to a call and asked them what they were doing. Galindo and the passenger responded that they were waiting for the food they had ordered before heading home. Smelling a strong odor of alcohol emanating from the vehicle, Officer Kimberlin asked Galindo for his driver's license and insurance. Initially, Galindo reached into his pocket and pulled out a pack of cigarettes. However, after the passenger informed him that Officer Kimberlin wanted his driver's license, Galindo produced it and his insurance.

While speaking to Galindo, Officer Kimberlin noticed that Galindo was slurring his words and elongating them as well. Accordingly, Officer Kimberlin asked Galindo to step out of the Acura. While Galindo was standing in front of him, Officer Kimberlin smelled the odor of alcohol emanating from Galindo's breath and person, observed Galindo swaying back and forth rather than standing still, and noticed Galindo had red, bloodshot eyes. It was then that Officer Kimberlin informed Galindo that he suspected him of driving while intoxicated and asked him to perform the field sobriety tests. Galindo agreed to perform the tests. After Galindo exhibited all six clues on the horizontal gaze nystagmus test, seven of eight clues on the walk-and-turn test, and two of four clues on the one-legged-stand test, Officer Kimberlin arrested him for driving while intoxicated.

## THE MOTION TO SUPPRESS

As he did at the hearing on the motion to suppress, Galindo argues on appeal that Officer Kimberlin lacked the reasonable suspicion necessary to detain him while investigating whether he

first arrived or when he exited his vehicle after parking.

2

was intoxicated because Officer Kimberlin failed to corroborate with the restaurant employees the information the dispatcher provided Officer Kimberlin.   We disagree.

## Standard of Review

When reviewing the trial court's ruling on a motion to suppress, we view the evidence in the light most favorable to the trial court's ruling.   *State v. Iduarte*, 268 S.W.3d 544, 548 (Tex.Crim.App. 2008).   When, as here, the trial court issues findings of fact, we determine whether the evidence, when viewed in the light most favorable to the trial court's ruling, supports those findings, giving almost total deference to the trial court's findings of fact.   *Id*.   However, we review the trial court's conclusions of law *de novo*.   *Id.*   We uphold the trial court's ruling if it is supported by the record and correct under any theory of law applicable to the case.   *Id*.

## Applicable Law

Reasonable suspicion may derive from an informant's tip that bears sufficient "indicia of reliability."   *Carmouche v. State*, 10 S.W.3d 323, 328 (Tex.Crim.App. 2000), *quoting Adams v. Williams*, 407 U.S. 143, 146-47, 92 S.Ct. 1921, 1923-24, 32 L.Ed.2d 612 (1972).   The content of the tip and its degree of reliability together constitute the totality of circumstances that determine reasonable suspicion.   *Alabama v. White*, 496 U.S. 325, 330, 110 S.Ct. 2412, 2416, 110 L.Ed.2d 301 (1990).   We consider both factors together, such that the strength of one can sufficiently balance the weakness of the other factor to render suspicion reasonable.   *See id*.

Information from a private citizen is inherently reliable when the citizen's only contact with the police results from having witnessed a criminal act committed by another.   *Hime v. State*, 998 S.W.2d 893, 895 (Tex.App.--Houston [14th Dist.] 1999, pet. ref'd).   However, an informant's detailed description and statement that the informant actually witnessed the reported

3

event entitles the informer's tip to greater weight. *Id.* at 896.

## *Discussion*

The record in this case supports the trial court's ruling that the totality of the circumstances present demonstrate reasonable suspicion to detain Galindo. When considered together, both factors – the content of the tip and its degree of reliability – render suspicion reasonable here. Although there is no evidence of the content of the information that the Jack-in-the-Box employee reported to the police dispatcher, the record does establish the information conveyed by dispatch to Officer Kimberlin. Officer Kimberlin knew that an employee had observed an intoxicated Hispanic male in a gray car committing a "drunk disturbing." When Officer Kimberlin arrived at the scene approximately eight to ten minutes later, he independently and quickly corroborated the identification details provided by the informant. He was directed by two employees to the drive-thru lane. He immediately proceeded to that location and encountered a silver Acura – the only vehicle at the restaurant – occupied by Galindo – the only Hispanic male in the vehicle.

Galindo nonetheless contends that, when Officer Kimberlin arrived at the restaurant, he should have corroborated the tip by speaking to the restaurant employees, and because he did not do so, he lacked reasonable suspicion to detain him. As support for his contention, Galindo cites *State v. Griffey*, 241 S.W.3d 700 (Tex.App.--Austin 2007, pet. ref'd), a suspected DWI case dealing with the reliability of the information the police received.

In *Griffey*, the arresting officer received dispatch information that the manager of a Whataburger had observed a person "passed out behind the wheel in the drive-through," but did not receive any other information, much less information that the person had engaged in criminal conduct. *Griffey*, 241 S.W.3d at 702. "Significantly, the manager did not report that the driver

4

was intoxicated or that she exhibited any signs of intoxication." *Id.* at 705. When the arresting officer arrived, he found the suspect awake in her car, which was next to the drive-through window. *Id*. at 702. The trial court suppressed evidence from the stop, and the court of appeals affirmed. *Id*. at 703, 707. The court of appeals held that the arresting officer lacked reasonable suspicion to detain the suspect because the manager's tip was not corroborated, and was actually contradicted by the fact that the suspect was awake when arresting officer arrived. *Id*. at 707.

*Griffey* is distinguishable from this case in material respects and is thus inapposite. In contrast to *Griffey*, the informant in this case observed Galindo engage in criminal activity, specifically, public intoxication and driving while intoxicated, and reported it, giving a description of the driver, the vehicle, and its location. Unlike *Griffey*, Officer Kimberlin found Galindo at the location where he was directed by the two restaurant employees and in the condition as reported. Because these employees directed Officer Kimberlin to Galindo by pointing to his location and Officer Kimberlin was able to corroborate the informant's identification details when he located Galindo in his car in the drive-thru lane, the informant's tip was entitled to greater weight and enhanced its reliability. Thus, there was no need for Officer Kimberlin to corroborate the reliability of the informant's tip by speaking to the restaurant employees.

Under the totality of the circumstances demonstrated by the record in this case, we hold that the information provided by the informant, combined with Officer Kimberlin's corroboration of the informant's identification details, provided sufficient reasonable suspicion to justify Officer Kimberlin's detention of Galindo. Accordingly, the trial court did not abuse its discretion when it overruled Galindo's motion to suppress evidence. Galindo's sole issue is overruled.

**CONCLUSION**

5

Having overruled Galindo's sole issue, we affirm the trial court's judgment.


June 20, 2012

CHRISTOPHER ANTCLIFF, Justice

Before McClure, C.J., Rivera, and Antcliff, JJ.

(Do Not Publish)