# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00288-CR

**Justin Sowell, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 3 OF TRAVIS COUNTY
### NO. C-1-CR-10-209526, HONORABLE BOB PERKINS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Justin Sowell pleaded no contest to driving while intoxicated. *See* Tex. Penal Code Ann. § 49.04(a) (West Supp. 2012).[1] In accordance with the plea bargain, the trial court adjudged Sowell guilty, sentenced him to ten days' confinement in the Travis County Jail, and ordered that his license be suspended for 180 days. In his only issue on appeal, Sowell asserts that the trial court erred in overruling his pretrial motion to suppress evidence. We affirm the judgment of the trial court.

## BACKGROUND

At 2:36 a.m., a yet-to-be identified male called 911 and reported that he was being chased by a red Chevrolet pickup truck near the intersection of Lamar Boulevard and Manchaca

---

[1] We cite to the current versions of the statutes for convenience because there have been no intervening amendments that are material to our disposition of this appeal.

Road in Austin.  The caller stated that there were multiple suspects in the truck and that they were throwing objects from the truck at his car.  The caller further stated that he was able to read a portion of the truck's license plate, which the caller stated was a Texas license plate beginning with the characters "74W."

The 911 dispatcher relayed the information to several officers with the Austin Police Department, including Officer Vance Debes, who was patrolling the area near the reported disturbance.  Officer Debes immediately proceeded toward the reported disturbance in his patrol vehicle to assist other officers who were in route.  Four minutes later, Officer Debes received an update that the red truck was leaving the scene and heading northbound on Lamar Boulevard.  At that time, Officer Debes was in the general area of Lamar Boulevard and Barton Springs Road.  Based on his familiarity with the area, Officer Debes estimated that it would take the suspect vehicle between two and three minutes to drive from its current location to the intersection of Lamar Boulevard and Barton Springs Road.

Officer Debes proceeded to drive southbound on Lamar Boulevard to intercept the suspects' truck.  Officer Debes would later testify that at that time of night, there was "barely any traffic on the road" and he estimated that he observed only "one or two" vehicles in the area.  Officer Debes soon passed a red Chevrolet pickup driving northbound on Lamar Boulevard with multiple subjects in the vehicle.

Given that the truck matched the description of the suspect vehicle and was heading in the same direction, on the same road, at the same time as the caller reported, Officer Debes "made a U-Turn in order to get behind the subject to see whether or not that was going to be the vehicle

2

involved." After Officer Debes made the u-turn, the driver of the truck began to accelerate, and made a hard right turn onto Barton Springs Road. Based on his experience, Officer Debes believed the driver of the truck was trying to evade him, and he immediately caught up with the suspect vehicle and activated his emergency lights to signal the truck to pull over. The driver of the truck, later identified as Sowell, pulled over. At this point, Officer Debes confirmed that the truck's license plate was "74WXT8," matching the first three letters identified by the caller, and a subsequent search of vehicle registration records indicated that the truck was registered to Sowell.[2]

Officer Debes approached the truck to speak with Sowell and, according to Officer Debes, he soon detected the strong odor of alcohol emanating from the vehicle. As Officer Debes explained, "[a]t that point, it was turning into a DWI investigation." Based on his further observations, Officer Debes arrested Sowell for driving while intoxicated. Sowell was charged with driving while intoxicated and criminal mischief. *See id.* §§ 28.03 (West 2011), 49.04(a).

Before trial, Sowell filed a motion to suppress the evidence obtained from Officer Debes's traffic stop, asserting that Officer Debes lacked reasonable suspicion to support the stop. The trial court conducted a pretrial hearing on Sowell's motion to suppress, during which Officer Debes testified about the events leading to the stop as outlined above. Following Officer Debes's testimony, the trial court denied Sowell's motion to suppress.

Sowell subsequently entered into a plea bargain with the State to plead no contest to driving while intoxicated in exchange for the State's dismissal of the criminal mischief charge and

---

[2] Officer Debes would later testify that even if the license plate numbers had not matched those provided by the unidentified caller, he still would have stopped the truck because it matched the description of the suspect vehicle, contained multiple subjects, and because he had observed the truck being evasive.

3

recommendation that Sowell receive the sentence outlined above. The trial court accepted Sowell's plea, found Sowell guilty of driving while intoxicated, and sentenced him in accordance with the plea bargain. Sowell filed this appeal, asserting that the trial court erred in denying his pretrial motion to suppress evidence obtained pursuant to the stop. *See* Tex. R. App. P. 25.2(a)(2)(A) (providing that defendant convicted in accordance with plea bargain may appeal "those matters that were raised by written motion filed and ruled on before trial").

## STANDARD OF REVIEW

We review a trial court's ruling on a motion to suppress for an abuse of discretion, using a bifurcated standard. *See Valtierra v. State*, 310 S.W.3d 442, 447 (Tex. Crim. App. 2010); *Guzman v. State*, 955 S.W.2d 85, 88–89 (Tex. Crim. App. 1997). We give almost total deference to a trial court's determination of historical facts, but review the application of the law to the facts de novo. *Maxwell v. State*, 73 S.W.3d 278, 281 (Tex. Crim. App. 2002). The ruling will be upheld if it is supported by the evidence and is correct under any legal theory. *See State v. Iduarte*, 268 S.W.3d 544, 548 (Tex. Crim. App. 2008).

## DISCUSSION

In his only issue on appeal, Sowell asserts that the trial court erred in denying his motion to suppress the evidence obtained during the traffic stop. Specifically, Sowell argues that the warrantless traffic stop was conducted pursuant to an anonymous tip that did not provide sufficient indicia of reliability, and thus Officer Debes lacked reasonable suspicion to conduct the stop. Therefore, according to Sowell, any evidence obtained as a result of the unlawful traffic stop

is inadmissible. *See* Tex. Code Crim. Proc. Ann. art. 38.23(a) (West 2005) (requiring exclusion of evidence that was unlawfully obtained).

A police officer may conduct a brief investigative detention if he has reasonable suspicion to believe that an individual is involved in criminal activity. *Ford v. State*, 158 S.W.3d 488, 492 (Tex. Crim. App. 2005); *State v. Griffey*, 241 S.W.3d 700, 703 (Tex. App.—2007, pet. ref'd). The reasonableness of the temporary detention is examined based on the totality of the circumstances, and an officer must point to specific articulable facts that, when combined with rational inferences from those facts, lead him to reasonably suspect that a specific person has engaged, or soon would engage, in criminal activity. *Garcia v. State*, 43 S.W.3d 527, 530 (Tex. Crim. App. 2001).

"The factual basis for stopping a vehicle need not arise from the officer's personal observation, but may be supplied by information acquired from another person." *Brother v. State*, 166 S.W.3d 255, 257 (Tex. Crim. App. 2005). A tip by an unnamed informant of undisclosed reliability may justify the initiation of an investigation, but standing alone, it rarely will establish reasonable suspicion to justify an investigative detention. *Florida v. J.L.*, 529 U.S. 266, 269 (2000); *Parish v. State*, 939 S.W.2d 201, 203 (Tex. App.—Austin 1997, no pet.). There must be some further indicia of reliability from which a police officer may reasonably conclude that the tip is reliable and therefore detention is justified. *Alabama v. White*, 496 U.S. 325, 329 (1990); *Brother*, 166 S.W.3d at 258.

Generally, an informant's tip is more reliable if the informant provides a detailed description of the wrongdoing, states that he observed the wrongdoing first hand, or puts himself in a position to be held accountable if his information is incorrect. *Reesing v. State*, 140 S.W.3d 732,

736 (Tex. App.—Austin 2004, pet. ref'd). Furthermore, an informant's tip is more reliable if the officer is able to corroborate any of the informant's information. *Brother*, 166 S.W.3d at 257. Corroboration does not mean that the officer must personally observe the alleged unlawful conduct, but merely requires that the officer confirm enough facts from the informant's statement to reasonably conclude that the informant is reliable. *Id.* at 259 n.5. "Where the reliability of the information is increased, less corroboration is necessary." *Reesing*, 140 S.W.3d at 736.

According to Officer Debes's testimony, the informant stated that he was being chased by a red Chevrolet pickup truck with a Texas license plate starting with the characters "74W." The informant stated that there were multiple occupants in the truck who were throwing objects from the truck at his car. Finally, the informant provided the intersection where the disturbance was occurring and stated that the truck was fleeing the scene heading northbound on Lamar Boulevard. The trial court could have reasonably found that this detailed account of the informant's first-hand observations made the informant's statements sufficiently reliable. *See id.* at 736 (noting that informant's tip more reliable if includes detailed description or includes first hand observations); *see also Sawyer v. State*, No. 03-07-00450-CR, 2009 WL 722256, at *4–5 (Tex. App.—Austin Mar. 19, 2009, no pet.) (mem. op., not designated for publication) (upholding traffic stop based on 911 caller who told dispatcher make, model, and color of vehicle, vehicle's last location, direction vehicle was traveling, and description of erratic driving).

Furthermore, although it appears that Officer Debes did not know the name of the informant at the time he acted on the tip, the informant put himself in a position to be identified by calling 911 from a cell phone and remaining on the phone for an extended period of time

6

while relaying information to law enforcement.[3]  By putting himself in a position to be identified by law enforcement, the informant made it more likely that he could be held accountable if the information he provided to law enforcement were false.  *See State v. Fudge*, 42 S.W.3d 226, 241 (Tex. App.–Austin 2001, no pet.) (upholding traffic stop based solely on cab driver's face-to-face report to police officer that suspect-driver "couldn't stay on the road" because cab driver put himself in position of being accountable for information).  Thus, the trial court could have reasonably found that the informant's statements were sufficiently reliable because the informant put himself in a position to be held accountable.  *Id.*

Finally, Officer Debes was able to corroborate some of the information provided by the informant before making the traffic stop.  Officer Debes observed (1) a red Chevrolet pickup truck (2) with multiple suspects (3) driving northbound on Lamar Boulevard (4) at a time that corresponded to leaving the area of the reported disturbance.  These observations corroborated the informant's information, and Officer Debes's subsequent determination that Sowell was trying to evade him is further corroboration that Sowell was fleeing the scene.  *See Sawyer*, 2009 WL 722256, at *5 (upholding traffic stop where officer was able to confirm description of car in area of reported erratic driving).

Thus, the record indicates that the informant provided a detailed first-hand account of unlawful activity, the informant put himself in a position of being accountable for the information

---

[3] In fact, Officer Debes's affidavit for warrant of arrest includes the names of two individuals who were described as 911 callers.  Given that the trial court took judicial notice of its file during the hearing on Sowell's motion to suppress, the court could have reasonably concluded that the police were able to identify the caller or callers who provided the information that led to this traffic stop.

he provided, and Officer Debes was able to corroborate details of the informant's statements. *Reesing*, 140 S.W.3d at 736. Given these indicia of reliability, the trial court could have reasonably concluded that Officer Debes had reasonable suspicion to conduct the traffic stop. Thus, we cannot conclude the trial court abused its discretion in denying Sowell's motion to suppress. We overrule Sowell's only issue on appeal.

## CONCLUSION

Having overruled Sowell's issue on appeal, we affirm the judgment of the trial court.

_____

Scott K. Field, Justice

Before Justices Puryear, Pemberton, and Field

Affirmed

Filed:   May 1, 2013

Do Not Publish

8