COURT OF APPEALS

                                         SECOND
DISTRICT OF TEXAS

                                                      FORT
WORTH

 

 

                                           NO.
2-07-335-CR

 

 

THE STATE OF TEXAS                                                         APPELLANT

 

                                                      V.

 

TIMOTHY EUGENE SCHMIDT                                                   APPELLEE

 

                                                  ------------

 

           FROM
COUNTY CRIMINAL COURT NO. 5 OF DENTON COUNTY

 

                                                  ------------

 

                                  MEMORANDUM
OPINION[1]

 

                                                  ------------

I. Introduction








Appellee Timothy Eugene
Schmidt was arrested and charged with driving while intoxicated.  Schmidt filed a motion to suppress evidence
seized without a search warrant, arguing that the arresting officer did not
have reasonable suspicion to initiate the traffic stop.  The trial court granted the motion to
suppress, and the State appeals that determination.  We will affirm.

II. Background

At approximately ten o=clock one night, Officer Keith Burris received a dispatch call,
informing him that two callers reported a reckless, possibly intoxicated driver
near Trophy Club Drive and Marshall Creek Road. 
The callers told dispatch that the vehicle was a white Chevrolet truck
with license plate number 90BVVZ and that it had turned right onto Marshall
Creek Road.  Officer Burris drove in that
direction,  turned right onto Marshall
Creek Road, and saw a truck substantially matching the description given by the
dispatcher; the actual license plate number of the truck was 90BVV2.  








As Officer Burris approached
the truck, he observed it make a U-turn in the cul-de-sac at the gate entrance
to Marshall Creek Park, which had been closed since six o=clock that evening.  The officer
saw the truck stop in the cul-de-sac for five or six seconds before continuing
down the road.  Officer Burris followed
the truck westbound on Marshall Creek Road and noted that the driver drove at a
Aslow pace.@  Officer Burris testified that the speed limit
on Marshall Creek Road is thirty miles per hour and that the truck was
traveling at approximately fifteen miles per hour.  Officer Burris saw the driver brake once or
twice and Amove to the
right and the left of the lanes.@  After following the truck for
approximately 500 feet, Officer Burris activated his emergency lights and
initiated the traffic stop.  He arrested
Schmidt, the driver of the truck, for driving while intoxicated. 

Schmidt filed a motion to
suppress, complaining that the information provided by the callers and Officer
Burris=s observations were insufficient to rise to the level of reasonable
suspicion to justify the traffic stop. 
At the suppression hearing, Officer Burris testified that he has been a
police officer with the City of Trophy Club since 2004 and is trained to detect
intoxication.  He testified that he
stopped Schmidt for suspicion of driving while intoxicated based on the
dispatch call and his observations, including Schmidt=s making a U-turn in the cul-de-sac at an entrance to a closed park,
driving at a very slow pace, braking multiple times, and moving to the right
and left of the lanes.  In addition to
Officer Burris=s testimony,
the State played a videotape of the encounter from a video recorder that was
mounted in Officer Burris=s car.  Based on Officer Burris=s testimony and a review of the video, the trial court granted Schmidt=s motion to suppress.  The trial
court did not file, and neither party requested, findings of fact and
conclusions of law.  The State then filed
this appeal.                           

 

 








III. Motion to Suppress

In its sole point, the State
complains that the trial court improperly granted Schmidt=s motion to suppress. 
Specifically, the State argues that the trial court applied the Aas consistent with innocent activity as with criminal activity@ standard instead of making a determination under the totality of the
circumstances test.  The State contends
that under the totality of the circumstances test, the evidence, including the
dispatch call as well as Officer Burris=s training and observations, supports the conclusion that Officer
Burris had reasonable suspicion to initiate the investigative detention.

A.     Standard of
Review








We review a trial court=s ruling on a motion to suppress evidence under a bifurcated standard
of review.  Amador v. State, 221
S.W.3d 666, 673 (Tex. Crim. App. 2007); Guzman v. State, 955 S.W.2d 85,
89 (Tex. Crim. App. 1997).  In reviewing
the trial court=s decision,
we do not engage in our own factual review. 
Romero v. State, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990); Best
v. State, 118 S.W.3d 857, 861 (Tex. App.CFort Worth 2003, no pet.).  The
trial judge is the sole trier of fact and judge of the credibility of the
witnesses and the weight to be given their testimony.  Wiede v. State, 214 S.W.3d 17, 24B25 (Tex. Crim. App. 2007); State v. Ross, 32 S.W.3d 853, 855
(Tex. Crim. App. 2000), modified on other grounds by State v. Cullen,
195 S.W.3d 696 (Tex. Crim. App. 2006). 
Therefore, we give almost total deference to the trial court=s rulings on (1) questions of historical fact, even if the trial court=s determination of those facts was not based on an evaluation of
credibility and demeanor, and (2) application‑of‑law‑to‑fact
questions that turn on an evaluation of credibility and demeanor.  Amador, 221 S.W.3d at 673; Montanez
v. State, 195 S.W.3d 101, 108B09 (Tex. Crim. App. 2006); Johnson v. State, 68 S.W.3d 644, 652B53 (Tex. Crim. App. 2002).  But
when application-of-law-to-fact questions do not turn on the credibility and
demeanor of the witnesses, we review the trial court=s rulings on those questions de novo. 
Amador, 221 S.W.3d at 673; Estrada v. State, 154 S.W.3d
604, 607 (Tex. Crim. App. 2005); Johnson, 68 S.W.3d at 652B53.








Stated another way, when
reviewing the trial court=s ruling on
a motion to suppress, we must view the evidence in the light most favorable to
the trial court=s
ruling.  Wiede, 214 S.W.3d at 24; State
v. Kelly, 204 S.W.3d 808, 818 (Tex. Crim. App. 2006).  When the record is silent on the reasons for
the trial court=s ruling, or
when there are no explicit fact findings and neither party timely requested
findings and conclusions from the trial court, we imply the necessary fact
findings that would support the trial court=s ruling if the evidence, viewed in the light most favorable to the
trial court=s ruling,
supports those findings.  Kelly,
204 S.W.3d at 819; see Amador, 221 S.W.3d at 673; Wiede, 214
S.W.3d at 25.  We then review the trial
court=s legal ruling de novo unless the implied fact findings supported by
the record are also dispositive of the legal ruling.  Kelly, 204 S.W.3d at 819.

We must uphold the trial
court=s ruling if it is supported by the record and correct under any theory
of law applicable to the case even if the trial court gave the wrong reason for
its ruling.  State v. Stevens, 235
S.W.3d 736, 740  (Tex. Crim. App. 2007); Armendariz
v. State, 123 S.W.3d 401, 404 (Tex. Crim. App. 2003), cert. denied,
541 U.S. 974 (2004).

B.      Reasonable Suspicion








A detention, as opposed to an
arrest, may be justified on less than probable cause if a person is reasonably
suspected of criminal activity based on specific, articulable facts.  Terry v. Ohio, 392 U.S. 1, 22, 88 S.
Ct. 1868, 1880 (1968); Carmouche v. State, 10 S.W.3d 323, 328 (Tex.
Crim. App. 2000).  An officer conducts a
lawful temporary detention when he or she has reasonable suspicion to believe
that an individual is violating the law. 
Ford v. State, 158 S.W.3d 488, 492 (Tex. Crim. App.
2005).  Reasonable suspicion exists when,
based on the totality of the circumstances, the officer has specific,
articulable facts that when combined with rational inferences from those facts,
would lead him to reasonably conclude that a particular person is, has been, or
soon will be engaged in criminal activity. 
Id. at 492B93.  This is an objective standard that disregards
any subjective intent of the officer making the stop and looks solely to
whether an objective basis for the stop exists. 
Id. at 492.  We look only
at those facts known to the officer at the inception of the stop.  State v. Griffey, 241 S.W.3d 700, 704
(Tex. App.CAustin 2007,
pet ref=d).   

While an anonymous tip will justify the initiation of a
police investigation in most situations, it alone will rarely establish the
level of suspicion required to justify a detention.  Alabama v.
White, 496 U.S. 325, 329, 110 S. Ct. 2412,
2415B16 (1990); Davis v. State, 989 S.W.2d 859, 863B64 (Tex. App.CAustin 1999, pet.
ref=d).  As the Austin
Court of Appeals has explained,

To justify a police officer's
conclusion that a crime has been or is being committed, the officer generally
cannot rely alone on a police broadcast of an anonymous phone call to establish
probable cause or reasonable suspicion.

 

.
. . .

 

An
officer's prior knowledge, his experience, and his corroboration of the details
of the tip may be considered in giving the anonymous tip the weight it
deserves. Mere corroboration of details, however, that are easily obtainable at
the time the information is provided will not support a finding of probable
cause nor furnish the basis for reasonable suspicion.

 

Davis, 989 S.W.2d at 863B64 (citations
omitted).













Here, the callers were
anonymous at the relevant point in timeCwhen Officer
Burris stopped Schmidt.  See Terry,
392 U.S. at 21, 88 S. Ct. at 1880; Hawes v. State, 125 S.W.3d 535, 538
(Tex. App.CHouston [1st Dist.] 2002, no pet.); Stewart
v. State, 22 S.W.3d 646, 650 (Tex. App.CAustin 2000, pet.
ref=d).  At that time, Officer Burris knew only that
two individuals reported a reckless, possibly intoxicated driver of a white
Chevy pickup truck, license plate 90BVVZ, turning right onto Marshall Creek
Road.[2]  He did not know whether dispatch knew or
could obtain the callers= identities, and the callers did not
follow Schmidt or remain in the area to make sure the officer detained the
correct vehicle.  See Swaffar v. State,
258 S.W.3d 254, 259 (Tex. App.CFort Worth 2008,
pet. filed); cf. Brother v. State, 166 S.W.3d 255, 258B59  (Tex. Crim. App. 2005) (noting, in upholding
stop, that tipster followed behind the suspect with her emergency lights on,
which assisted the officer in identifying the proper vehicle), cert. denied,
546 U.S. 1150; Pipkin v. State, 114 S.W.3d 649, 654 (Tex. App.CFort Worth 2003,
no pet.) (upholding stop based on tip when tipster made himself accountable for
his intervention by providing his contact information to the dispatcher); State
v. Stolte, 991 S.W.2d 336, 342B43 (Tex. App.CFort Worth 1999,
no pet.) (upholding stop based on tip when the officer knew that he could learn
the identity of the tipster who had called in the tip).  

Officer Burris corroborated the easily obtainable facts
given by the callersCthe description of the vehicle and its
location.  He further witnessed Schmidt
make a legal U-turn at the gate entrance to Marshall Creek Park, stop for a few
seconds before continuing down Marshall Creek Road, drive fifteen miles per
hour below the stated speed limit, brake once or twice, and move to the right
and left of the lane.  Officer Burris did
not witness Schmidt commit any traffic violations.  








The video of the encounter,
which was played at the supression hearing, reveals that Schmidt=s truck drifted slightly to the right of the road and then back
left.  Overall, the video lacks evidence
that Schmidt=s truck was
weaving across the road, and we must assume that the trial court made this
factual determination in favor of the ruling. 
See Wiede, 214 S.W.3d at 24; Kelly, 204 S.W.3d at
818.  The video clearly shows that
Schmidt braked once during the middle of the recording and once right before
Officer Burris activated his emergency lights. 
Schmidt=s trial
counsel argued that Schmidt used the brakes to navigate the rough, Abroken up pavement.@  Officer Burris agreed on
cross-examination that, when carefully looking at the video, the road Awas torn up@ in front of
the truck when Schmidt braked.  Officer
Burris also agreed that it is prudent in most cases to slow down on rough
road.  The officer testified that
Marshall Creek Road is an undivided, unlit road with potholes, unimproved
sides, and no shoulder or fog lines. 








Applying the required deferential standard of review to the
record before us, the trial court reasonably could have determined that Officer
Burris failed to point to specific and articulable facts which, taken together
with rational inferences from those facts, reasonably warranted his stop of
Schmidt.  See, e.g., Stewart, 22
S.W.3d at 649 (holding that officer=s corroboration
that two individuals occupied a green Camaro did not give officer basis for
crediting informer=s accusation that driver was intoxicated);
Davis, 989 S.W.2d at 864 (AGiving the
anonymous tip a common sense reading and considering it in the most favorable
light, we do not find any corroboration of details linking appellant . . . to
the criminal activity alleged.@).  The trial court reasonably could have
determined that Schmidt=s making a legal U-turn at the gated
entrance to a closed park, driving at slow speeds, and braking twice on a
narrow, unlit Aback road@ did not
constitute activity out of the ordinary related to a crime and did not
sufficiently corroborate the anonymous tip. 
Accordingly, taking all of the factors
into consideration, and viewing all the evidence in favor of the trial court=s ruling, we hold that the trial court did not err by suppressing the
evidence.  See Wiede, 214 S.W.3d
at 24; Kelly, 204 S.W.3d at 818. 
We overrule the State=s sole point.

IV. Conclusion

Having overruled the State=s sole point, we affirm the trial court=s order granting Schmidt=s motion to suppress.

 

SUE WALKER

JUSTICE

 

PANEL: 
CAYCE, C.J.; HOLMAN and WALKER, JJ.

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

DELIVERED: October 16, 2008











[1]See Tex. R. App. P. 47.4.





[2]Officer
Burris testified that two witnesses reported the reckless driving, but on
cross-examination, Officer Burris stated that he believed that the two witnesses
were husband and wife and that he did not write down in his report whether
there were in fact two separate calls. 
The testimony is somewhat equivocal on this issue as to whether there
were two witnesses and two calls or merely two witnesses and only one call on
behalf of both witnesses.  We must assume
that the trial court resolved this conflict in favor of the ruling.  See Wiede, 214 S.W.3d at 24; Kelly,
204 S.W.3d at 818.